## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| ARROWOOD INDEMNITY COMPANY | ) | CASE NO.: |
| 3600 Arco Corporate Drive | ) | |
| Charlotte, North Carolina  28273 | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE: |
| | ) | |
| vs. | ) | |
| | ) | |
| THE LUBRIZOL CORPORATION | ) | |
| 29400 Lakeland Boulevard | ) | |
| Wickliffe, Ohio  44092 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Arrowood Indemnity Company, as successor by merger to Security Insurance Company of Hartford and New Amsterdam Casualty Company (collectively, "Arrowood"), by and through its undersigned counsel, brings this Complaint for Declaratory Judgment and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, for the purposes of determining questions of actual controversy between the parties and construing the rights, duties, and legal relations arising from liability insurance policies that were issued or allegedly issued by Arrowood to The Lubrizol Corporation ("Lubrizol").

2. Lubrizol has tendered to Arrowood a General Notice Letter issued to it by the United States Environmental Protection Agency ("USEPA") and seeks coverage for the pollution-related injury and/or damage allegedly caused by Lubrizol's release and discharge of hazardous substances (the "Underlying Claim").

3.     Arrowood disputes that is has any obligation to defend or indemnify Lubrizol with respect to the Underlying Claim under the policies Arrowood allegedly issued to Lubrizol or under the terms, provisions, conditions, and exclusions of the policies that Arrowood issued to Lubrizol.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.  The parties are of diverse citizenship, as set forth below, and the amount in controversy exceeds $75,000, exclusive of interest, attorneys' fees, and costs.

5.     This Court has personal jurisdiction over Lubrizol because it is domiciled in and/or conducts business in the State of Ohio.

6.     Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(a) because Lubrizol, the sole defendant, resides in this district.

## PARTIES

7.     Arrowood is a corporation incorporated under the laws of Delaware, with its principal place of business in Charlotte, North Carolina, and is licensed to transact business in Ohio.  Arrowood is a citizen of the states of Delaware and North Carolina.  Arrowood is the successor by merger to Security Insurance Company of Hartford and New Amsterdam Casualty Company.

8.     Lubrizol is a corporation incorporated under the laws of Ohio with its principal places of business at 29400 Lakeland Boulevard, Wickliffe, Ohio 44092.  Lubrizol is a citizen of the state of Ohio.

## THE ARROWOOD POLICIES

9.     Arrowood, as successor by merger to New Amsterdam and Security, issued the following primary general liability insurance policies to Lubrizol:

- 2 -

23321098\V-4

| Policy Number | Policy Period | Entity |
|---|---|---|
| LGC 35-04-60 | 7/10/65 to 7/10/68 | New Amsterdam |
| GLA 41-19-40 | 7/10/68 to 7/10/71 | Security |
| GLA 61-95-56 | 7/10/71 to 7/10/73 | Security |
| GLA 44-12-85 | 7/10/73 to 7/10/76 | Security |
| GLA 49-17-13 | 7/10/76 to 7/10/79 | Security |

A copy of the declaration page for Policy LGC 35-04-60 is attached hereto as Exhibit A (the "New Amsterdam Policy").  Copies of the declaration pages for Policies GLA 41-19-40, GLA 61-95-56, GLA 44-12-85, and GLA 49-17-13 are attached hereto as Exhibits B, C, D, and E, respectively (collectively, these Policies are referred to as "the Security Policies") (the New Amsterdam Policy and the Security Policies are referred to collectively as the "Arrowood Policies").  Copies of the entire Arrowood Policies are too voluminous to attach hereto.

10.    Arrowood, as successor by merger to New Amsterdam, allegedly issued the following primary general liability insurance policies to Lubrizol:

| Alleged Policy Number | Alleged Policy Period |
|---|---|
| LGC 30-76-82 | 7/10/59 to 7/10/62 |
| LGC 31-88-72 | 7/10/62 to 7/10/65 |

Arrowood has been unable to locate Alleged Policies LGC 30-76-82 and LGC 31-88-72 (the "Alleged New Amsterdam Policies").

## New Amsterdam Policy

11.    In pertinent part, the New Amsterdam Policy contains the following language in the insuring agreement:

### Coverage B--Property Damage Liability

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by an accident.

- 3 -

I.    **Defense, Settlement, Supplementary Payments**

With respect to such insurance as is afforded by this policy, the company shall:

(a)    defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient[.]

12.    The New Amsterdam Policy further provides:

**6.    Limits of Liability**
**Coverage B**

The limit of property damage liability stated in the declarations as applicable to "each accident" is the total limit of the company's liability for all damages arising out of injury to or destruction of all property of one or more persons or organizations, including the loss of use thereof, as the result of any one accident.

13.    The New Amsterdam Policy contains the following endorsement, which modifies

insurance provided under the Commercial General Liability Coverage Part of the New

Amsterdam Policy:

It is agreed that such insurance as afforded by the policy, is subject to the following provisions:

1.    Except with respect to Coverage B -- Property Damage Liability in connection with the Products Hazard as defined, the words "caused by accident" are deleted, and elsewhere the word "accident" is amended to read "occurrence."

2.    "Occurrence" means an event or continuous or repeated exposure to conditions, which unexpectedly causes injury during the policy period. All such exposure to substantially the same general conditions existing at or emanating from each premises location shall be deemed one occurrence.

- 4 -

## Security Policies

14.     In pertinent part, the Security Policies contain the following language in the

insuring agreement:

> The company will pay on behalf of the **insured** all sums which the insured shall
> become legally obligated to pay as damages because of
>
> A.     **bodily injury** or
> B.     **property damages**
>
> to which this insurance applies, caused by an **occurrence**, and the company shall
> have the right and duty to defend any suit against the **insured** seeking **damages**
> on account of such **bodily injury** or **property damage**, even if any of the
> allegations of the suit are groundless, false or fraudulent, and may make such
> investigation and settlement of any claim or suit as it deems expedient, but the
> company shall not be obligated to pay any claim or judgment or to defend any suit
> after the applicable limit of the company's liability has been exhausted by
> payment of judgments or settlements.

15.     The Security Policies also provide:

> **Coverages A and B** -- For the purpose of determining the limit of the company's
> liability, all **bodily injury** and **property damage** arising out of continuous or
> repeated exposure to substantially the same general conditions shall be considered
> as arising out of one **occurrence.**

16.     Security Policies GLA 41-19-40 and GLA 61-95-56 contain the following

definitions:

> "**damages**" includes damages for death and for care and loss of services resulting
> from **bodily injury** and damages for loss of use of property resulting from
> **property damage**[.]
>
> "**occurrence**" means an accident, including injurious exposure to conditions,
> which results, during the policy period, in **bodily injury** or **property damage**
> neither expected nor intended from the standpoint of the **insured**[.]
>
> "**property damage**" means injury to or destruction of tangible property[.]

17.     Security Policies GLA 44-12-85 and GLA 49-17-13 contain the following

definitions:

- 5 -

"**occurrence**" means an accident, including continuous or repeated exposure to conditions, which results in **bodily injury** or **property damage** neither expected nor intended from the standpoint of the **insured**[.]

"**property damage**" means (1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an **occurrence** during the policy period[.]

18.     Security Policies GLA 61-95-56, GLA 44-12-85, and GLA 49-17-13 contain the following exclusion:

to **bodily injury** or **property damage** arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any watercourse or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden or accidental[.]

## SITE AND UNDERLYING CLAIM

19.     Upon information and belief, the Patrick Bayou (the "Site") is located in Harris County, Texas, north of Deer Park, Texas.  The Site is one of several small bayous of the Houston Ship Channel located within the lower portion of the San Jacinto River Basin.  The Site consists of contaminated sediments within the bayou, a portion of the East Fork Tributary and associated wetlands.

20.     Upon information and belief, the City of Houston conducted studies in 1993 and 1994 along the Houston Ship Channel and its tributaries which documented the presence of elevated levels of pesticides, polysyclic aromatic hydrocarbons ("PAHs"), cadmium, chromium, mercury, nickel, zinc and polychlorinated biphenyls ("PCBs") at the Site.

21.     Upon information and belief, in July 1994, the USEPA and the Texas Natural Resource Conservation Commission (n/k/a Texas Commission on Environmental Quality ("TCEQ")) conducted a joint Ambient Toxicity and Water Sediment Quality Survey which

- 6 -

confirmed the accumulation of the following substances at the Site: arsenic, cadmium, chromium, copper, lead, manganese, mercury, nickel, selenium, zinc, hexachlorobenzene ("HCB"), bis-2-ethylhexyl phthalate, PAHs, PCBs, and pesticides.

22.     Upon information and belief, in July 2000, the TCEQ collected sediment samples from the Site as part of a Site inspection.  Upon information and belief, elements and compounds which are hazardous substances as defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601(14) and 40 C.F.R. § 302 were found at elevated levels at the Site.

23.     Upon information and belief, on or about June 14, 2001, the USEPA nominated the Site for addition as a Federal Superfund Site on the National Priorities List.  Upon information and belief, the USEPA placed the Site on the National Priorities List on or about September 5, 2002.

24.     Upon information and belief, on or about October 10, 2002, the USEPA issued a General Notice Letter to Lubrizol, Occidental Chemical Corporation, Praxair, Inc., and Shell Oil Company notifying the entities that they are potentially responsible parties ("PRPs") with respect to the Site.  The General Notice Letter informed the entities that, as PRPs, they may be responsible for investigating and cleaning up the Site and for all costs incurred by the USEPA in investigating and cleaning up the Site.

25.     On December 10, 2002, Lubrizol first notified Arrowood of the General Notice Letter and the environmental issues at the Site.

26.     Upon information and belief, on or about July 7, 2004, the USEPA issued Special Notice Letters to Lubrizol, Occidental, Shell, Praxair, and Rohm & Hass which invited them to enter into negotiations with the USEPA for the performance of a Remedial Investigation and Feasibility Study ("RI/FS") for the Site.

- 7 -

27.     Upon information and belief, Lubrizol, Occidental, and Shell (the "Responding PRPs") accepted the USEPA's invitation to enter into negotiations for the performance of a RI/FS.

28.     Upon information and belief, on or about January 31, 2006, the USEPA and the Responding PRPs agreed to an Administrative Order on Consent ("AOC") which required the Responding PRPs to conduct a RI/FS at the Site.

29.     Upon information and belief, as of February 2, 2010, Lubrizol has incurred approximately $2,431,578.82 in investigation costs for the RI/FS at the Site.

30.     Upon information and belief, the RI/FS for the Site is continuing as of the date of the filing of this Complaint.

31.     Lubrizol has demanded that Arrowood defend and indemnify it under one or more of the Arrowood Policies and the Alleged New Amsterdam Policies with respect to the Underlying Claim.

32.     Arrowood disputes that it has any obligation to defend or indemnify Lubrizol with respect to the Underlying Claim, (1) under the terms, provisions, conditions and exclusions of the Arrowood Policies; or (2) under the Alleged New Amsterdam Policies because Lubrizol has not presented to Arrowood evidence sufficient to establish the existence, terms and conditions of the Alleged New Amsterdam Policies.

## COUNT I - DECLARATORY JUDGMENT

### (For A Declaration That There Is No Coverage For Defendant Under The Security and New Amsterdam Policies)

33.     Arrowood repeats and incorporates by reference Paragraphs 1-32 of this Complaint as if fully set forth herein.

34.     Arrowood is under no obligation to defend or indemnify Lubrizol with respect to the Underlying Claim pursuant to the terms, conditions, provisions, and exclusions of the New Amsterdam Policy and the Security Policies as follows:

a.      Coverage is barred under the Arrowood Policies to the extent Lubrizol has failed to perform all obligations under the Arrowood Policies.

b.      There is no coverage under the New Amsterdam Policy to the extent covered "injury to or destruction of property, including the loss of use thereof" did not take place during the policy period of the New Amsterdam Policy.

c.      There is no coverage under the Security Policies to the extent that covered "property damage" did not take place during the policy periods of the Security Policies.

d.      Coverage is barred under the Security Policies bearing numbers GLA 61-95-56 for policy period 7/10/71 to 7/10/73; GLA 44-12-85 for the policy period 7/10/73 to 7/10/76; and GLA 49-17-13 for the policy period 7/10/76 to 7/10/79 for any form of injury, damage, liability, or loss arising out of, related to, environmental contamination excluded by the pollution exclusion clauses contained in these Security Policies. Because the Underlying Claim arises out of or relates to such injury, damage, liability, or loss, coverage is barred under these Security Policies for the Underlying Claim.

e.      There is no coverage under the Arrowood Policies because the Underlying Claim is not a suit as required by the Arrowood Policies.

f.      There is no coverage under the New Amsterdam Policy to the extent the Underlying Claim does not allege, involve, or otherwise constitute "injury to or destruction of property, including the loss of use thereof."

- 9 -

g.      There is no coverage under the Security Policies to the extent the Underlying Claim does not allege, involve, or otherwise constitute "property damage" as defined in the Security Policies.

h.      Coverage is barred under the New Amsterdam Policy to the extent that Lubrizol had notice of an "occurrence" or claim and failed to give timely notice to Arrowood in accordance with the terms of the New Amsterdam Policy.

i.      Coverage is barred under the Security Policies to the extent Lubrizol had notice of any accident, "occurrence" or claim and failed to give timely notice to Arrowood in accordance with the terms of the Security Policies.

j.      Coverage is barred under the Arrowood Policies to the extent Lubrizol failed to cooperate with Arrowood in accordance with the terms of the Arrowood Policies.

k.      There is no coverage under the Arrowood Policies to the extent Lubrizol voluntarily made a payment, assumed any obligation, or incurred any expense, other than as specified in the Arrowood Policies, without Arrowood's consent.

l.      There is no coverage under the Security Policies on the grounds that Lubrizol expected or intended any "property damage" at issue in the Underlying Claim.

m.      There is no coverage under the New Amsterdam Policy on the grounds that Lubrizol expected any injury at issue in the Underlying Claim.

n.      There is no coverage under the Arrowood Policies on the grounds that the claims against Lubrizol arose from the regular, intentional, and non-accidental discharge or disposal or release of hazardous substances at the Site.

o.      There is no coverage under the Security Policies on the grounds that any "property damage" in the Underlying Claim was not caused by an "occurrence" as defined in the Security Policies.

- 10 -

p.      There is no coverage under the New Amsterdam Policy on the grounds that any "injury to or destruction of property, including the loss of use thereof," in the Underlying Claim was not caused by an "occurrence" as defined in the New Amsterdam Policy.

q.      There is no coverage under the Arrowood Policies to the extent that the Underlying Claim does not seek relief in the form of damages within the meaning of the Arrowood Policies.

r.      Coverage is barred under the Arrowood Policies and/or by public policy for Lubrizol's liability for punitive or exemplary damages, in whatever form assessed.

s.      Coverage is barred under the Arrowood Policies to the extent the Underlying claim involves known losses, pre-existing conditions, losses-in-progress and/or losses that otherwise are non-contingent and non-fortuitous.

t.      There is no coverage under the Arrowood Policies to the extent Lubrizol intentionally or unintentionally failed to disclose or concealed, omitted or misrepresented facts material to the risks at issue in this litigation.

u.      Coverage under the Arrowood Policies is limited because the Policies contain various limitations on coverage, including without limitation the following provisions: (1) limits of liability; (2) each "occurrence" limit; and (3) aggregate limits.

v.      For purposes of determining Arrowood's limit of liability under the New Amsterdam Policy, all "injury or destruction of property, including loss of use thereof" arising out of the continuous or repeated exposure to substantially the same general conditions "existing at or emanating from each premises location shall be deemed one occurrence."

w.      For purposes of determining Arrowood's limit of liability under the Security Policies, all "property damage" arising out of the injurious, continuous, or repeated exposure to conditions shall be considered as arising out of one "occurrence."

- 11 -

x.      The Arrowood Policies provide that in the event other insurance applies to a loss on the same basis as any insurance which may be afforded by Arrowood, Arrowood shall not be liable for a greater proportion of the loss than stated in the Arrowood Policies' "other insurance" provisions.

y.      Coverage is barred under the Arrowood Policies to the extent any of the Arrowood Policies expired before Lubrizol began producing waste and/or hazardous materials at the Site.

z.      To the extent Arrowood has an obligation under the Arrowood Policies or otherwise for the defense of Lubrizol, only those amounts that constitute reasonable and necessary defense costs are reimbursable.

aa.      Any duty of Arrowood under the Security Policies to defend or indemnify with respect to the Underlying Claim is subject to any deductible contained in the Security Policies, and Arrowood reserves the right to require that all such deductibles be satisfied and exhausted.

bb.      Coverage is barred under the Arrowood Policies to the extent Lubrizol has failed to mitigate, minimize or avoid injury or damage.

cc.      Coverage is barred under the Arrowood Policies to the extent Lubrizol's acts or failures to act gave rise to the Underlying Claim and were in violation of law and/or public policy.

dd.      Coverage is barred under the Arrowood Policies to the extent Lubrizol has failed to enforce any right of contribution or indemnity against any person or organization that may be liable to Lubrizol because of injury or damage to which the Arrowood Policies may also apply and to the extent Lubrizol has failed to cooperate with Arrowood in the enforcement of such right.

- 12 -

ee.    Coverage is barred under the Arrowood Policies to the extent Lubrizol has impaired Arrowood's right to recover all or part of any payment Arrowood makes under the Arrowood Policies from any other party against which Lubrizol has any rights to recover.

ff.    Arrowood reserves the right to allocate or reallocate liability (if any liability exists) to other insurers and to Lubrizol for uninsured or self-insured periods or periods not insured by Arrowood.

gg.    Arrowood reserves the right to assert all defenses which may be pertinent to the Underlying Claim or Lubrizol's claims for coverage once the precise nature of the claims are ascertained through further discovery and investigation.

35.    On information and belief, Lubrizol disputes the applicability of the various contract provisions and defenses set forth in subparagraphs (a) through (ii) of Paragraph 34.

36.    There exists a substantial, bona fide, actual and justiciable dispute regarding the terms and conditions, application and/or interpretation of the Arrowood Policies in connection with Lubrizol's claims for coverage with regard to the Underlying Claim.

37.    As a result of this current controversy, Arrowood is entitled to have a declaration of its rights and a judicial interpretation of the rights and obligations of the parties under the Arrowood Policies.  There is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

**WHEREFORE**, Arrowood respectfully prays as follows:

(a) That this Court enter a declaratory judgment that, under the Arrowood Policies, Arrowood is under no obligation to provide a defense to and/or indemnify Lubrizol, or to pay any expenses incurred by it, in connection with the Underlying Claim; and

(b) That Arrowood be awarded such other and further relief that this Court deems just and proper.

- 13 -

23321098\V-4

## COUNT II - DECLARATORY JUDGMENT

**(For A Declaration That There Is No Coverage For Defendant
Under the Alleged New Amsterdam Policies)**

38.     Arrowood repeats and incorporates by reference Paragraphs 1-32 of this Complaint as if fully set forth herein.

39.     Arrowood is under no obligation to defend or indemnify Lubrizol in connection with the Underlying Claim under the Alleged New Amsterdam Policies because Lubrizol has not presented to Arrowood evidence sufficient to establish the existence, terms and conditions of the Alleged New Amsterdam Policies.

**WHEREFORE**, Arrowood respectfully prays as follows:

(a) That this Court enter a declaratory judgment that Arrowood is under no obligation to provide a defense to and/or indemnify Lubrizol under the Alleged New Amsterdam Policies, or to pay any expenses incurred by Lubrizol, in connection with the Underlying Claim; and

(b) That Arrowood be awarded such other and further relief that this Court deems just and proper.

Respectfully submitted,

/s/ *David Ross*
David Ross (#0005203)
**Reminger Co., L.P.A.**
1400 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio 44115
Phone: (216) 687-1311
Fax:    (216) 687-1841
E-Mail: dross@reminger.com

Counsel for Plaintiff,
Arrowood Indemnity Company

- 14 -

23321098\V-4

Of Counsel:

Keith Moskowitz
SNR Denton US LLP
233 South Wacker Drive, Suite 7800
Chicago, IL 60606
312-876-8000 - Telephone
312-876-7934 - Facsimile

Deborah C. Druley
SNR Denton US LLP
One Metropolitan Square, Suite 3000
St. Louis, Missouri 63102
314-241-1800 - Telephone
314-259-5959 - Facsimile

## JURY DEMAND

Arrowood Indemnity Company hereby demands a trial by jury.

/s/ *David Ross*
David Ross (#0005203)

- 15 -

23321098\V-4