# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **ARROWOOD INDEMNITY CO.,** § | | 1:10-CV-02871-SO |
| § | | |
| **Plaintiff,** § | | JUDGE OLIVER |
| § | | |
| vs. § | | |
| § | | |
| **THE LUBRIZOL CORPORATION** § | | |
| § | | |
| **Defendant.** § | | |
| § | | |

## ANSWER, COUNTERCLAIM, AND JURY DEMAND OF THE LUBRIZOL CORPORATION

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant The Lubrizol Corporation ("Lubrizol") states the following as its Answer to Plaintiff's Complaint for Declaratory Judgment ("Plaintiff's Complaint").

1. Lubrizol denies each and every allegation of Plaintiff's Complaint not specifically admitted herein.

2. With respect to the allegations in paragraph 1 of Plaintiff's Complaint, Lubrizol admits that Plaintiff, Arrowood Indemnity Company ("Plaintiff") filed a complaint for declaratory judgment that concerns its obligations to provide defense and indemnity to Lubrizol pursuant to several liability insurance policies it or its predecessors issued to Lubrizol. Lubrizol denies the remaining allegations in paragraph 1 of Plaintiff's Complaint.

3. With respect to the allegations in paragraph 2 of the Complaint, Lubrizol admits that it seeks defense and indemnity from Plaintiff in connection with allegations by the United States Environmental Protection Agency ("EPA") that Lubrizol is

responsible for property damage and injury to or destruction of property, at the Patrick Bayou Superfund Site ("Site").  Lubrizol has provided voluminous information to Plaintiff concerning the EPA's allegations.  Lubrizol denies the remaining allegations in paragraph 2 of Plaintiff's Complaint.

4. Lubrizol denies the allegations in paragraph 3 of Plaintiff's Complaint and states that Plaintiff has a duty to defend and indemnify Lubrizol under the insurance policies issued to Lubrizol.

5. The allegations in paragraphs 4, 5, and 6 of Plaintiff's Complaint constitute conclusions of law to which no responsive pleading is necessary.  To the extent that any response is deemed necessary, Lubrizol admits that this Court has subject matter jurisdiction over this matter, personal jurisdiction over Lubrizol, and that the Northern District of Ohio is a proper venue for this matter.  Lubrizol denies the remaining allegations in paragraphs 4, 5 and 6 of Plaintiff's Complaint.

6. Lubrizol is without sufficient information to admit or deny the allegations in paragraph 7 of Plaintiff's Complaint.

7. Lubrizol admits the allegations in paragraph 8 of Plaintiff's Complaint.

8. With respect to the allegations in paragraph 9 of Plaintiff's Complaint, Lubrizol admits that Security Insurance Company of Hartford ("Security") and New Amsterdam Casualty Company ("New Amsterdam") issued the primary general liability insurance policies to Lubrizol that Plaintiff has identified in paragraph 9, but states that the policies provided insurance coverage for consecutive annual periods as follows:

New Amsterdam Policy No. 35-04-60:	7/10/65 – 7/10/66
                                                                          7/10/66 – 7/10/67
                                                                          7/10/67 – 7/10/68

| | |
|---|---|
| Security Policy No. 41-19-40: | 7/10/68 – 7/10/69 |
| | 7/10/69 – 7/10/70 |
| | 7/10/70 – 7/10/71 |
| Security Policy No. 61-95-56: | 7/10/71 – 7/10/72 |
| | 7/10/72 – 7/10/73 |
| Security Policy No. 44-12-85: | 7/10/73 – 7/10/74 |
| | 7/10/74 – 7/10/75 |
| | 7/10/75 – 7/10/76 |
| Security Policy No. 49-17-13: | 7/10/76 – 7/10/77 |
| | 7/10/77 – 7/10/78 |
| | 7/10/78 – 7/10/79 |

Lubrizol denies the remaining allegations in paragraph 9 of Plaintiff's Complaint. Lubrizol has attached copies of these policies as Exhibits A, B, C[1], D, and E.

9. With respect to the allegations in paragraph 10 of the Complaint, Lubrizol admits that New Amsterdam issued policy Nos. LGC 30-76-82 and LGC 31-88-72 to Lubrizol and that the coverage periods for those polices were:

| | |
|---|---|
| New Amsterdam Policy No. 30-76-82: | 7/10/59 – 7/10/60 |
| | 7/10/60 – 7/10/61 |
| | 7/10/61 – 7/10/62 |
| New Amsterdam Policy No. 31-88-72: | 7/10/62 – 7/10/63 |
| | 7/10/63 – 7/10/64 |
| | 7/10/64 – 7/10/65 |

Lubrizol is without sufficient information to either admit or deny the remaining allegations of paragraph 10 of Plaintiff's Complaint, and therefore denies them.

10. With respect to the allegations in paragraphs 11, 12, 13, 14, 15, 16, 17 and 18 of Plaintiff's Complaint, Lubrizol states that the policies speak for themselves. Lubrizol denies the remaining allegations in these paragraphs.

---

[1] Exhibit C (Policy No. 61-95-56) includes a copy of an Endorsement numbered L6481. Lubrizol previously has contended that Plaintiff can not discharge its burden to show that this Endorsement was actually part of Policy No. 61-95-56. By including it in Exhibit C, Lubrizol does not admit, and hereby specifically denies, that Endorsement L6481 is part of Policy No. 61-95-56.

11. With respect to the allegations of paragraph 19 of Plaintiff's Complaint, Lubrizol admits that the Site is located in Harris County, Texas and that Patrick Bayou is one of several small bayous of the Houston Ship Channel located within the lower portion of the San Jacinto River Basin. Lubrizol admits that the EPA has claimed, among other things, that the Site consists of contaminated sediments within the Bayou, a portion of the East Fork tributary, and associated wetlands. Lubrizol denies the remaining allegations in paragraph 19 of Plaintiff's Complaint.

12. Lubrizol admits the allegations in paragraphs 20 and 21 of Plaintiff's Complaint.

13. With respect to the allegations in paragraph 22 of Plaintiff's Complaint, Lubrizol admits that the Texas National Resource Conservation Commission, n/k/a the Texas Commission on Environmental Quality ("TCEQ"), collected samples from Patrick Bayou as part of a Site inspection in July 2000. Lubrizol admits that the TCEQ and/or EPA allege that the Site contains elevated levels of elements and compounds that are defined as hazardous substances under §101(14) of CERCLA, 42 U.S.C. §9601(14), and 40 C.F.R. §302. Lubrizol denies the remaining allegations in paragraph 22 of Plaintiff's Complaint.

14. With respect to the allegations in paragraph 23 of Plaintiff's Complaint, Lubrizol admits that the Site was placed on the National Priorities List on September 5, 2002. Lubrizol denies the remaining allegations in paragraph 23 of Plaintiff's Complaint.

15. With respect to the allegations in paragraph 24 of Plaintiff's Complaint, Lubrizol admits that it received a General Notice Letter dated October 10, 2002 from the

EPA concerning the Site. Lubrizol denies the remaining allegations in paragraph 24 of Plaintiff's Complaint.

16. With respect to the allegations in paragraph 25 of Plaintiff's Complaint, Lubrizol admits that it sent the General Notice Letter to Plaintiff on or about December 10, 2002. Lubrizol denies the remaining allegations in paragraph 25 of Plaintiff's Complaint.

17. With respect to the allegations in paragraph 26 of Plaintiff's Complaint, Lubrizol admits that it received a Special Notice Letter dated July 7, 2004 from the EPA concerning the Site. Lubrizol denies the remaining allegations in paragraph 26 of Plaintiff's Complaint.

18. With respect to the allegations in paragraphs 27 and 28 of Plaintiff's Complaint, Lubrizol admits that the Special Notice Letter mandated Lubrizol and the other PRPs to negotiate and execute an Administrative Settlement Agreement and Order on Consent for Remedial Investigation/Feasibility Study with the EPA ("AOC") or face unilateral action by the EPA. Lubrizol admits that it and certain other PRPs executed an AOC with the EPA in January 2006. Lubrizol denies the remaining allegations in paragraphs 27 and 28 of Plaintiff's Complaint.

19. With respect to the allegations in paragraph 29 of Plaintiff's Complaint, Lubrizol admits that it has incurred approximately $2,920,331.01 as of February 1, 2011 in connection with the Site. Lubrizol denies the remaining allegations in paragraph 29 of Plaintiff's Complaint.

20. Lubrizol admits the allegations in paragraph 30 of Plaintiff's Complaint.

21. With respect to the allegations in Paragraph 31 of Plaintiff's Complaint, Lubrizol admits that it has requested that Plaintiff defend and indemnify it under the policies Plaintiff issued to Lubrizol. Lubrizol denies the remaining allegations in paragraph 31 of Plaintiff's Complaint.

22. With respect to the allegations in paragraph 32 of Plaintiff's Complaint, Lubrizol denies that Plaintiff is not obligated to defend and indemnify Lubrizol under the insurance policies it issued. Lubrizol denies the remaining allegations in paragraph 32 of Plaintiff's Complaint.

23. With respect to the allegations in paragraph 33 of Plaintiff's Complaint, Lubrizol incorporates by reference its responses to paragraphs 1 – 32 of Plaintiff's Complaint.

24. With respect to the allegations in paragraph 34 (a) – (gg) of Plaintiff's Complaint, Lubrizol denies that Plaintiff is entitled to avoid its obligations under the insurance policies that it issued to Lubrizol on any of the identified bases. Lubrizol denies the remaining allegations in paragraph 34 (a) – (gg) of Plaintiff's Complaint.

25. With respect to the allegations in paragraph 35 of Plaintiff's Complaint, Lubrizol admits that Plaintiff is required to fully defend and indemnify Lubrizol under the terms of the insurance policies that it issued to Lubrizol. Lubrizol denies that paragraph 34 of Plaintiff's Complaint includes any subparagraphs (hh) or (ii), and denies the remaining allegations in paragraph 35 of Plaintiff's Complaint.

26. With respect to the allegations in paragraph 36 of Plaintiff's Complaint, Lubrizol admits that Plaintiff is attempting to challenge its duty to defend and indemnify

Lubrizol in connection with the Site. Lubrizol denies the remaining allegations in paragraph 36 of Plaintiff's Complaint.

27. With respect to the allegations in paragraph 37 of Plaintiff's Complaint, Lubrizol denies that Plaintiff is entitled to the requested declaration or other relief. Lubrizol denies the remaining allegations in paragraph 37 of Plaintiff's Complaint.

28. With respect to the allegations in paragraph 38 of Plaintiff's Complaint, Lubrizol incorporates by reference its responses to paragraphs 1 – 37 of Plaintiff's Complaint.

29. With respect to the allegations in paragraph 39 of Plaintiff's Complaint, Lubrizol denies that Plaintiff is entitled to the requested declaration or other relief. Lubrizol denies the remaining allegations in paragraph 39 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

30. Plaintiff's complaint fails to state a claim in whole or in part.

31. Plaintiff's claims are barred by the doctrines of res judicata, collateral estoppel, waiver, and estoppel.

32. Plaintiff's claims are barred by the doctrines of unclean hands and laches.

33. To the extent that discovery in this matter identifies the factual basis for the assertion of other affirmative defenses, Lubrizol reserves the right to assert such other affirmative defenses.

# LUBRIZOL'S COUNTERCLAIM

Pursuant to Rules 13 and 57 of the Federal Rules of Civil Procedure, and 28 U.S.C. sec. 2201, Lubrizol hereby states as follows for its Counterclaim against Plaintiff:

## JURISDICTION

1. Lubrizol incorporates by reference the admissions and denials of its foregoing Answer.

2. An actual controversy of a justiciable nature exists between Lubrizol and Plaintiff involving their rights and liabilities under contracts of insurance entered into between them, and dependent upon the construction of the contracts, which controversy may be determined by a judgment of this Court.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000. Lubrizol and Plaintiff are citizens of different states.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. sec. 1332 and 28 U.S.C. sec. 2201.

## INTRODUCTION

5. Lubrizol is a specialty chemical company that produces and supplies technologies that improve the quality and performance of its customers' products in the global transportation, industrial and consumer markets. Since 1951, Lubrizol has operated a facility in Deer Park, Texas, which is adjacent to Patrick Bayou.

### (The Patrick Bayou Superfund Site)

6. On October 2, 2002, Lubrizol received a General Notice Letter from the United States Environmental Protection Agency ("EPA") identifying Lubrizol as a

potentially responsible party ("PRP") in connection with the Patrick Bayou Superfund site ("the Site").

7. On July 7, 2004, the EPA served Lubrizol and other PRPs with a Special Notice letter demanding that Lubrizol and the other PRPs negotiate an Administrative Order on Consent ("AOC") to conduct and finance a Remedial Investigation/Feasibility Study for the Site. The EPA advised Lubrizol and the other PRPs that failure to negotiate an AOC in "good faith" could, among other things, result in unilateral action by the EPA at the cost of the PRPs. In January 2006, Lubrizol executed an AOC with the EPA and certain other PRPs.

8. To date, Lubrizol has incurred approximately $2.9 million in costs in connection with the Site.

**(Lubrizol's Insurance Policies)**

9. Upon information and belief, Plaintiff and its predecessors (hereafter collectively referred to as "Plaintiff") is or was at the relevant times, in the business of underwriting, issuing, and administering commercial general liability insurance policies.

10. For twenty years, between 1959 and 1979, Lubrizol paid substantial premiums to Plaintiff in exchange for the promises made by Plaintiff in the commercial general liability insurance policies issued to Lubrizol by Plaintiff. These policies are identified in paragraphs 8 and 9 of Lubrizol's Answer (the "Policies").

11. The Policies were negotiated, sold and delivered to Lubrizol in Wickliffe, Ohio.

12. Lubrizol provided Plaintiff with timely notice under the Policies of the allegations made by the EPA. Lubrizol has fully cooperated with Plaintiff's extensive requests for information.

13. Although Lubrizol has submitted all of the relevant documentation to Plaintiff, Plaintiff has failed to defend or indemnify Lubrizol, and has not reimbursed Lubrizol for any of the costs that Lubrizol has incurred in connection with the Site.

14. Lubrizol has performed all of its obligations under the Policies, and has satisfied all conditions precedent under the Policies.

**(The 1959 – 1968 New Amsterdam Policies)**

15. Plaintiff has previously admitted that Policy Nos. LGC 30-76-82 and LGC 31-88-72 are written on the same form as Policy No. LGC 35-04-60.

16. Policy No. LGC 35-04-60 provides in relevant part that Plaintiff will: "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident . . . ."

17. An Amendatory Endorsement to Policy No. LGC 35-04-60 provides that: "the words 'caused by accident' are deleted, and elsewhere the word 'accident' is amended to read 'occurrence.'" The Amendatory Endorsement also provides: "occurrence" means "an event or continuous or repeated exposure to conditions, which unexpectedly causes injury during the policy period."

18. Policy No. LGC 35-04-60 provides in relevant part that "with respect to such insurance as is afforded by this policy, [Plaintiff] shall: (a) defend any suit against the insured alleging such injury, sickness, disease or destruction or seeking damages on

account thereof . . . and the amounts so incurred, except settlements of claims and suits, are payable by [Plaintiff] in addition to the applicable limit of liability of this policy.

19. The EPA has alleged that Lubrizol has caused and is liable for injury to or destruction of property at the Site. The injury to or destruction of property alleged by the EPA is the result of one or more "accidents" and/or "occurrences" as defined by the New Amsterdam policies issued by Plaintiff.

### (The 1968 – 1973 Security Policies)

20. Policy Nos. GLA 41-19-40 and GLA 61-95-56 provide that Plaintiff "will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of … property damage to which this insurance applies, caused by an occurrence."

21. These policies define occurrence as follows: "an accident, including injurious exposure to conditions, which results, during the policy period, in bodily injury or property damage neither expected not intended from the standpoint of the insured."

22. These policies provide in relevant part that Plaintiff "shall have the right and duty to defend any suit against the insured seeking damages on account of such . . . property damage, even if any of the allegations of the suit are groundless, false or fraudulent . . . ."

23. The EPA has alleged that Lubrizol has caused and is liable for property damage at the Site. The property damage alleged by the EPA is the result of one or more "occurrences" as defined by Security Policy Nos. GLA 41-19-40 and GLA 61-95-56 issued by Plaintiff.

24. In a lawsuit that Plaintiff itself filed in 2006 in the United States District Court for the Eastern District of Texas, Plaintiff admitted that it was obligated to provide defense and indemnity to Lubrizol under Policy No. GLA 41-19-40 where Lubrizol was alleged to have caused property damage in connection with its historic waste disposal practices.

25. Although Plaintiff admitted that Lubrizol was entitled to indemnity under Policy No. GLA 41-19-40, it contested the amount of indemnity available. At various times, Plaintiff contended that the indemnity to which Lubrizol was entitled was subject to aggregate limits, that the policy's "per occurrence" limit applied once to the three year policy period (rather than separately with respect to each annual period), and that all of Lubrizol's historic waste disposal practices amounted to one occurrence. After extensive litigation, the Court rejected these attempts by Plaintiff to limit the amount of indemnity to which Lubrizol was entitled. *See Security Insurance Company of Hartford v. The Lubrizol Corporation*, 1:06 CV 00215 (E.D. Texas).

**(The 1973 – 1979 Security Policies)**

26. Policy Nos. GLA 44-12-85 and GLA 49-17-13 provide that Plaintiff will pay on behalf of Lubrizol "all sums which the insured shall become legally obligated to pay as damages because of … property damage to which this insurance applies, caused by an occurrence."

27. These policies define "occurrence" as "an accident, including continuous or repeated exposure to conditions, which results in … property damage neither expected nor intended from the standpoint of the insured."

28. These policies contain a "sudden and accidental" pollution exclusion that precludes coverage for: "property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental."

29. These policies provide in relevant part that Plaintiff "shall have the right and duty to defend any suit against the insured seeking damages on account of such . . . property damage even if any of the allegations of the suit are groundless, false or fraudulent. . . ."

30. The EPA has alleged that Lubrizol has caused and is liable for property damage at the Site. The property damage alleged by the EPA is the result of one or more "occurrences" and "sudden and accidental" discharges, dispersals or releases of pollutants or other contaminants as defined by Security Policy Nos. GLA 44-12-85 and GLA 49-17-13 issued by Plaintiff.

## COUNT ONE

**(Request for Declaratory Judgment)**

31. Lubrizol incorporates by reference paragraphs 1 through 30.

32. Plaintiff and Lubrizol dispute each other's interpretation of the terms of the Policies, thereby creating a justiciable controversy entitling Lubrizol to seek a declaratory judgment.

33. Lubrizol requests that this Court enter a declaration that:

(a) the injury to or destruction of property and property damage alleged by the EPA at the Site for which Lubrizol is responsible is the result of one or more "accidents"; "occurrences"; and "sudden and accidental" dispersals and discharges of pollutants or contaminants, as defined by the Policies; and

(b) Plaintiff is required to provide Lubrizol with a full and independent defense against the allegations made by the EPA, and to the extent that Plaintiff has not done so, is required to reimburse Lubrizol for its defense, including the payment of interest on amounts that Lubrizol has paid in the past; and

(c) Plaintiff is required to pay pre-judgment and post-judgment interest on any judgment entered against Lubrizol; and

(d) Plaintiff is required to indemnify Lubrizol for all sums that Lubrizol is legally obligated to pay as damages because of injury to or destruction of property and property damage at the Site up to the limits of the Policies; and

(e) the Policies are subject to a $1,000,000 limit that applies separately to each annual coverage period, and separately to each accident or occurrence, with no aggregate limit.

## COUNT TWO

### (Breach of Contract)

34. Lubrizol incorporates by reference paragraphs 1 through 33.

35. Plaintiff has failed to comply with its obligations under the Policies to fully defend Lubrizol and to indemnify Lubrizol for all sums that Lubrizol is legally obligated to pay as damages because of injury to or destruction of property and property damage at the Site up to the limits of the Policies.

36. Lubrizol has sustained damages on account of Plaintiff's breaches of its insurance contracts, in an amount to be determined at the trial of this matter.

37. Lubrizol requests that the Court enter a judgment in favor of Lubrizol for the amount of the damages that are proved at trial.

**COUNT THREE**

**(Bad Faith)**

38. Lubrizol incorporates by reference paragraphs 1 through 37.

39. Plaintiff has a duty to Lubrizol to act in good faith in connection with the handling and payment of claims under the Policies.

40. Plaintiff's refusal to defend and indemnify Lubrizol under the Policies is not reasonably justified, particularly in light of Plaintiff's prior admission (after it had been on notice of this claim for several years) that Lubrizol was entitled to defense and indemnity for an environmental remediation liability related to the same Lubrizol facility, and in light of the rulings of the federal court in the last case that Plaintiff filed against Lubrizol. In addition, Plaintiff has taken new positions in its Complaint that directly contradict the positions that it has taken in written communications previously transmitted to Lubrizol in connection with this claim, and in other communications to Lubrizol. Therefore, Plaintiff has breached its duty to Lubrizol to act in good faith.

15

41. As a result of Plaintiff's unjustified refusal to defend and indemnify Lubrizol under the Policies and other breaches of its duties, Lubrizol has sustained and will sustain damages, in an amount to be determined at the trial of this matter.

42. Lubrizol requests that the Court enter a judgment in favor of Lubrizol for the amount of its damages that are proved at trial.

WHEREFORE, Defendant The Lubrizol Corporation demands judgment dismissing Plaintiff's Complaint with prejudice, entering judgment in favor of Lubrizol as requested in its Counterclaim, and awarding Lubrizol its attorneys' fees and costs of suit, and such further relief as the Court may deem just.

Respectfully submitted,

/s/ Julie A. Harris
SUZANNE F. DAY (0062292)
JULIE A. HARRIS (0065246)
THE LUBRIZOL CORPORATION
29400 Lakeland Boulevard
Wickliffe, Ohio 44092
Phone: (440) 347-5073
Fax: (440) 347-5219
E-mail: suzanne.day@lubrizol.com
E-mail: julie.harris@lubrizol.com

Attorneys for The Lubrizol Corporation

**JURY DEMAND**

Pursuant to Rule 39 of the Federal Rules of Civil Procedure, Defendant The Lubrizol Corporation hereby requests a jury for all issues permitted to be so tried under law.

Respectfully submitted,

    /s/ Julie A. Harris
SUZANNE F. DAY (0062292)
JULIE A. HARRIS (0065246)
THE LUBRIZOL CORPORATION
29400 Lakeland Boulevard
Wickliffe, Ohio 44092
Phone: (440) 347-5073
Fax: (440) 347-5219
E-mail: suzanne.day@lubrizol.com
E-mail: julie.harris@lubrizol.com

Attorneys for The Lubrizol Corporation

**CERTIFICATE OF SERVICE**

This is to certify that on February 10, 2011, Defendant The Lubrizol Corporation's Answer, Counterclaim and Jury Demand were filed electronically. Parties may access this filing through the Court's system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

                                         _/s/ Julie A. Harris_____
                                         One of the Attorneys for The Lubrizol Corporation