UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ARROWOOD INDEMNITY COMPANY, | ) | Case No.: 1:10 CV 2871 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| THE LUBRIZOL CORPORATION, | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

Currently pending in the above-captioned case is Plaintiff Arrowood Indemnity Company's ("Plaintiff" or "Arrowood") Motion to Dismiss Count III of Defendant The Lubrizol Corporation's ("Defendant" or "Lubrizol") Counterclaim. (ECF No. 11.)  For the following reasons, the court hereby grants Plaintiff's Motion.

## I.  FACTS AND PROCEDURAL HISTORY

Lubrizol is a corporation incorporated under the laws of Ohio with its principal place of business at 29400 Lakeland Boulevard, Wickliffe, Ohio 44092. (Compl., ECF No. 1, at ¶ 8.) Arrowood is a company incorporated in Delaware, with its principal place of business in Charlotte, North Carolina. (*Id.* at ¶ 7.) It is the successor by merger to Security Insurance Company of Hartford and New Amsterdam Casualty Company (*Id.*)  Both of these companies issued several primary general liability insurance policies to Lubrizol. (*Id.* at ¶ 9.)

Since 1951, Lubrizol has operated a facility in Deer Park, Texas, which is adjacent to the Patrick Bayou (the "Site"). (Countercl., ECF No. 7, at ¶ 5.) After determining that the Site had elevated levels of hazardous substances, the United States Environmental Protection Agency ("EPA") placed it on the National Priorities List on or about September 5, 2002. (Compl., at ¶¶ 22, 23.) On October 2, 2002, the EPA sent a letter to Lubrizol, identifying it as a potentially responsible party for the hazardous substances at the Site. (*Id.* at ¶ 24.) The letter stated that Lubrizol could be responsible for investigating and cleaning up the Site and for all costs incurred by the EPA in investigating and cleaning the Site. (*Id.*) As of February 1, 2011, Lubrizol had incurred approximately $2,920,331.01 in costs at the Site. (Answer, ECF No. 7, at ¶ 19.) Lubrizol demanded that Arrowood defend and indemnify it with respect to this claim under several insurance policies. (Compl., at ¶ 32.) On December 20, 2010, Arrowood brought this within lawsuit.

Prior to this case, Lubrizol was sued by The Lyondell Chemical Company ("*Lyondell* litigation"), regarding damage caused by Lubrizol's Deer Park facility to a different Bayou. (Lyondell Order, ECF No. 12-2.) Arrowood's predecessor, Security, filed a claim for declaratory judgment to determine its rights and obligations to defend Lubrizol in the *Lyondell* litigation. *Security Ins. Co. of Hartford v. The Lubrizol Corp.*, No. 1:06 CV 00215 (E.D. Tex. Aug. 27, 2009) ("*Security* litigation"). (*Security* 2009 Order, ECF No. 12-1.) In a joint stipulation, Arrowood accepted its duty to defend or indemnify Lubrizol for the *Lyondell* litigation. (*Security* Joint Stipulation, ECF No. 12-2.)

Arrowood filed the Complaint in this court, based on diversity jurisdiction, seeking declaratory judgment as to the rights and obligations of the parties. (ECF No. 1.) On February 10, 2011, Lubrizol filed an Answer along with a Counterclaim, seeking declaratory judgment and

alleging breach of contract and bad faith claims. (Countercl., at ¶ 40.) Lubrizol's counterclaim references the prior litigation between Arrowood's predecessors and Lubrizol in the prior litigation, *Security.* (Countercl., at ¶ 25.) Arrowood has filed a Motion to Dismiss Lubrizol's bad faith claim. (Pl.'s Mot. to Dismiss, ECF No.11.)

## II.  STANDARD OF REVIEW

The court examines the legal sufficiency of the plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6). *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and recently in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009), clarified the law regarding what a plaintiff must plead in order to survive a Rule 12(b)(6) motion.

When determining whether the plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Iqbal*, 129 S.Ct. at 1949, further explains the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court

- 3 -

to draw the reasonable inference that the defendant is liable for the misconduct alleged." Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

The Sixth Circuit has held that a court may consider allegations contained in the complaint, as well as exhibits attached to or otherwise incorporated in the complaint, all without converting a motion to dismiss to a motion for summary judgment. Fed. R. Civ. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997). Further, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.*

## III.   LAW AND ANALYSIS

Arrowood argues that Lubrizol's bad faith Counterclaim fails to state a claim upon which relief can be granted.  In support of its Motion to Dismiss, Arrowood attaches documents that it argues are relevant to the factual allegations that Lubrizol pleads in support of its Counterclaim. Lubrizol  argues that this court should not examine those documents, and if it does, that this Motion should be converted to one for summary judgment.  This court must analyze: (1) which documents, if any, it may examine without converting the Motion into one for summary judgment; and (2) whether Lubrizol has failed to state a claim upon which relief can be granted.

### A. Arrowood's Exhibits

At issue are Arrowood's Exhibits 1-8: (1) the EPA's letter to Lubrizol; (2) the complaint in the *Lyondell* litigation; (3) the first order from the *Security* litigation; (4) findings from *Lyondell*;

- 4 -

(5) the complaint from *Security*; (6) joint stipulations from *Security*; (7) the second order from *Security*; and (8) three letters sent from Arrowood to Lubrizol regarding the present claim. Arrowood argues that a court, under certain conditions, may examine documents attached to a motion to dismiss but not included in the complaint. Lubrizol argues that these documents constitute materials extrinsic to the pleadings, and therefore must be ignored.

Generally, a plaintiff is under no obligation to attach documents upon which his complaint is based. *Weiner*, 108 F.3d at 89.  However, a defendant may support his motion to dismiss by the introduction of pertinent documents referenced in a plaintiff's complaint, if the plaintiff has failed to attach them to his complaint. To hold otherwise would allow a plaintiff with a legally deficient claim to survive a motion to dismiss, simply by not providing documents upon which he relied. *Id.* Thus, the Sixth Circuit has consistently held that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.*

In support of its argument that the court cannot consider the documents Arrowood seeks to use in support of its Motion to Dismiss, Lubrizol references *Ferron v. Metareward, Inc.*, 698 F. Supp. 2d 992 (S.D. Ohio 2010), where the court excluded litigation history between parties, ruling that the material was extrinsic to the pleadings.  Lubrizol argues that this court should follow the same line of reasoning.  It also contends that its Counterclaim refers generally to the *Security* litigation, not to specific documents in the *Security* or *Lyondell* litigations.  Lubrizol finally maintains that this court cannot take judicial notice of these documents and, should this court consider the documents, the  Motion must be converted to one for summary judgment. In the latter

- 5 -

event, all parties must receive a reasonable opportunity to present pertinent materials directed to the Motion.

Although Arrowood initially based much of its argument on judicial notice, in its Reply it focuses mostly on the well-established precedent that documents referenced in a party's complaint and central to its claim can be introduced by the defense in the context of a motion to dismiss.  It states that Lubrizol's allegations are plainly contradicted by the documents referenced in its Counterclaim, and argues that choosing to ignore those exhibits rewards Lubrizol for its failure to attach relevant information.  Because the court finds Defendant's latter argument to be well-taken, as discussed below, it is not necessary for the court to address the arguments advanced by Lubrizol that the court cannot take judicial notice of these documents, or that a consideration of the documents require this court to convert the Motion in to one for summary judgment.

### 1. *Security* Litigation Documents

Contrary to Lubrizol's argument, there is no requirement that the Complaint explicitly refer to individual documents within the *Security* litigation.  When Lubrizol refers to the lawsuit and the admissions and rulings of that case, it incorporates those documents into the pleadings. (Def.'s Countercl., ECF No. 7, at ¶¶ 24, 25, 40 ("*See Security Insurance Company of Hartford v. The Lubrizol Corporation*"). In fact, the Sixth Circuit has repeatedly held that such attachments are appropriately included in a motion to dismiss even when the initial claim never actually identifies the specific document.  *Wiener,* 108 F.3d at 89 (admitting documentation of a plan attached to a motion to dismiss, where the complaint vaguely referenced a "plan" numerous times without attaching it). *See also Greenberg v. Life Ins. Co. of Virginia,* 177 F.3d 507, 514 (6th Cir. 2001) (examining provisions within insurance policies included in motion to dismiss where complaint

- 6 -

"related to and arose from the ... policies in question"); *Anderson v. Ohio State University*, No. C-2-00-123, 2001 WL 99858, at *1 (S.D. Ohio Jan. 22, 2001), aff'd, 26 F.App'x. 412 (6th Cir. 2001) (holding that documents on hearing process would be incorporated into complaint involving hearing's procedural fairness, when complaint merely referenced "hearing").

Further, since Lubrizol is alleging that admissions and decisions in the *Security* case demonstrate bad faith on the part of Arrowood, those documents are absolutely central to its counterclaim. Accordingly, Lubrizol's attempt to analogize to *Ferron* is not well-taken. In *Ferron,* the defendants attempted to rely on litigation history in another case that was "extrinsic to the pleadings" and had little to do with the plaintiff's factual allegations supporting his claim. The plaintiff in *Ferron* did not build the arguments in his complaint upon the litigation history between the parties, as Lubrizol does here.

## 2.  Other Exhibits

Because Lubrizol's allegations never mention the *Lyondell* litigation, any documents relating to that lawsuit are not relevant.  Further, although Lubrizol discusses "written communications" between the parties, Arrowood's attached letters will not be examined for the purposes of this Motion.  Arrowood contends that it has attached the only relevant communications, and argues that since these included communications, which are not contrary to any positions in its Complaint, Lubrizol's allegation must be false.  Whether or not these letters are the communications referenced in the Counterclaim is a fact issue, which must be viewed strictly in favor of the non-moving party for a motion to dismiss.  This court cannot simply accept Arrowood's word that no other letters exist and infer that it must be the document to which Lubrizol refers.

- 7 -

This court may examine Arrowood's exhibits relating to the *Security* litigation without converting this Motion to one for summary judgment.  All other exhibits, however, are not relevant for purposes of this Motion.

## B. Lubrizol's Bad Faith Claim

To succeed in a bad faith claim against an insurer for its handling of a claim, a plaintiff must show that the insurer was not reasonably justified in its actions.  *Zoppo v. Homestead Ins. Co.*, 644 N.E.2d 397, 400 (Ohio 1994). Ordinarily, this means that an insurer who denies a claim must show a reasonable justification for that denial. Lubrizol alleges that Arrowood has refused to pay, effectively denying their claim. However, Arrowood has not refused to pay, merely asking this court to declare the parties' respective rights instead. To show that this was not reasonably justified, Lubrizol must allege facts to show that Arrowood could not have reasonably believed that a controversy exists to support this lawsuit.

Lubrizol claims that Arrowood had no reasonable justification not to insure it because of: (1) the court rulings in the *Security* case and alleged admissions that Arrowood made regarding coverage over the Site; and (2) written communications between the parties regarding the Site.  Arrowood argues, in turn, that the premise underlying Lubrizol's bad faith claim is not supported by the documents in the prior litigation. It further contends that Lubrizol's allegations amount to "'naked assertions' devoid of the necessary 'further factual enhancement' necessary to survive a motion to dismiss."

### 1. *Security* Admissions and Rulings

Lubrizol alleges that Arrowood has admitted previously that it is obligated to defend and indemnify Lubrizol. Further, it states that the *Security* rulings demonstrate that Arrowood does not have a reasonable justification to seek declaratory relief.

Arrowood argues that its exhibits clearly show that any admissions made during the *Security* litigation were made specifically for that case, and do not demonstrate a lack of controversy in the current action. Further, it contends that any positions taken in that case constitute legal conclusions that should not be construed as factual admissions. Arrowood also points out that since it never sought a declaration regarding its obligation to defend or indemnify in the *Security* case, its choice to defend Lubrizol in that case does not bind it in the future. Finally, Arrowood argues that the court in the *Security* case never found that Arrowood was obligated to defend or indemnify Lubrizol.

Lubrizol has not contested any of these claims, instead relying on its arguments that this court cannot examine Arrowood's exhibits.

The facts stipulated to by both parties in the *Security* litigation were clearly intended only for the controversy at issue in that case. (*Security* Joint Stipulation, ECF No. 12-2, at 1 ("[t]his stipulation is for this suit and this suit only").) Further examination of that stipulation reveals that neither Lubrizol nor Arrowood sought adjudication on the issue of coverage. (*Id.* at 2-4 (stating that Lubrizol did not seek coverage under the New Amsterdam Policies, and "[w]ith respect to the *Lyondell Chemical* case, Security has accepted its duty" (emphasis added)).) The admissions were only applicable to that case. Arrowood never admitted that it was legally obligated to defend or indemnify, choosing voluntarily to accept a duty to do so. This fact is supported by the text of both orders issued by the court in *Security,* which stated that "[t]he parties seek summary judgment regarding the scope of coverage for certain insurance policies issued to Lubrizol by Security."

- 9 -

(*Security* 2008 Order, ECF No. 12-3, at 1; *Security* 2009 Order, ECF no. 12-2, at 1 (emphasis added).)

Further, assuming *arguendo* that Arrowood did admit a legal responsibility to cover Lubrizol, the Supreme Court of Ohio has found that interpretation of insurance coverage involves a question of law.  *See e.g., Leber v. Smith*, 639 N.E.2d 1159 (1994).  The Sixth Circuit has been "reluctant to treat [statements dealing with opinions and legal conclusions] as binding judicial admissions." *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 394 (2007).  Since a statement of liability by Arrowood would require an interpretation of insurance coverage, such a legal conclusion should not be binding on this case.

Given that both *Security* orders declare that parties were seeking judgment only on the scope of coverage, it is also clear that the rulings have no relevance as to whether Arrowood must actually defend or indemnify Lubrizol. The court's first Order, in 2008, only concerned aggregate limits, never touched on liability, and actually ruled that several of the insurance policies in question were not relevant. The second Order, in 2009, specifically states that: "The Policy's occurrence limit and annualization clause entitle Lubrizol to $2,000,000.00 in insurance coverage for the costs associated with its disposal activities at the Turtle Bayou Site." (ECF No. 12-2, at 30 (emphasis added).) The court set an upper limit on the amount of coverage Lubrizol could receive, but it was only entitled to that amount because Arrowood stipulated to its obligations "for [that] suit and [that] suit only." In the present case, where Arrowood has not accepted any such obligation, the *Security* judgment has no relevance.

After examining the facts incorporated into the Complaint, it is clear that neither Arrowood's admissions nor the *Security* court's rulings support Lubrizol's bad faith claim.  Lubrizol has not

- 10 -

pleaded facts showing that Arrowood did have a reasonable justification to seek a declaratory judgment.

## 2. Written Communications

Lubrizol also alleges that Arrowood has breached its duty to act in good faith by taking new positions in the Complaint that directly contradict the positions that it has taken in previous written communications regarding this claim, and in other communications as well.

Lubrizol has not alleged any facts regarding either the supposedly contradictory positions, or the communications in which they were made. This court must determine whether the Counterclaim contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Lubrizol has not pled *any* facts regarding these allegations. Furthermore, the allegations Lubrizol makes do not amount to a bad faith claim. Merely changing one's position does not breach the duty to act in good faith - Lubrizol must plead facts demonstrating that there was no reasonable justification for doing so.

Ohio courts have held that the fact that an insurer changes the terms of its policy does not imply a breach of good faith. *Cincinnati Ins. Co. v. ACE INA Holdings, Inc.,* 886 N.E.2d 876, 888 (Ohio App. 1 Dist. 2007), *cert. denied*, 883 N.E.2d 457 (Ohio 2008). In *Cincinnati*, the court determined that although the insurer unilaterally adjusted its treatment of the insurance policy, this did not prove bad faith unless there was no reasonable justification for doing so. *Id.* The court further reasoned that, because the terms of the policy were subject to interpretation, this created justification when there was a reasonable change in that interpretation. *Id.*

Upon a review of the allegations of the Counterclaim, including the documents referenced therein, the court finds that Lubrizol has not pled any facts suggesting that there was no reasonable

justification for this alleged change in position. Lubrizol has thus failed to state a claim for which relief may be granted.

## IV.  CONCLUSION

The court hereby grants Plaintiff's Motion to Dismiss Count III of Defendant's Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. (ECF No. 11.)

IT IS SO ORDERED.


/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT


August 10, 2011