IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ARROWOOD INDEMNITY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:10-CV-02871-SO |
| ) | |
| THE LUBRIZOL CORPORATION, ) | JUDGE OLIVER |
| ) | |
| Defendant. ) | |
| v. ) | |
| ) | |
| UNITED STATES FIRE INSURANCE ) | |
| COMPANY ) | |
| ) | |
| Third Party Defendant ) | |

### ARROWOOD INDEMNITY COMPANY'S ANSWER
### TO LUBRIZOL'S 10/3/11 COUNTERCLAIM

Plaintiff/Counter-Defendant, Arrowood Indemnity Company, the successor in interest to Security Insurance Company of Hartford ("Security") and Security's rights and interests in the New Amsterdam Casualty Company ("New Amsterdam") (collectively, "Arrowood"), by and through its undersigned attorneys, and for its Answer to Lubrizol's 10/3/11 Counterclaim ("Counterclaim"), states as follows:

### ANSWER TO LUBRIZOL'S 10/3/11 COUNTERCLAIMS

1. Paragraph 1 of Lubrizol's Counterclaim does not contain any allegations and therefore, no answer is required.

2. Arrowood admits the allegations contained in Paragraph 2 of Lubrizol's Counterclaim.

3. Arrowood admits the allegations contained in Paragraph 3 of Lubrizol's Counterclaim.

4. Arrowood admits the allegations contained in Paragraph 4 of Lubrizol's Counterclaim.

5. Arrowood lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Lubrizol's Counterclaim.

6. Arrowood admits that Lubrizol received a General Notice Letter from the U.S. EPA. Arrowood states that the contents of this letter speak for themselves and Arrowood denies the allegations in Paragraph 6 of Lubrizol's Counterclaim to the extent they are inconsistent therewith.

7. Arrowood admits that Lubrizol and the other PRPs received a Special Notice letter from the USEPA on or about July 7, 2004. Arrowood states that the contents of this letter speak for themselves and Arrowood denies the allegations in Paragraph 7 of Lubrizol's Counterclaim to the extent they are inconsistent therewith. Arrowood further admits that Lubrizol and the other PRP's executed an AOC on or about January 2006.

8. Arrowood lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Lubrizol's Counterclaim.

9. Arrowood admits the allegations contained in Paragraph 9 of Lubrizol's Counterclaim.

10. Arrowood denies the allegations contained in Paragraph 10 of Lubrizol's Counterclaim.

11. Arrowood lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Lubrizol's Counterclaim.

12. Arrowood denies the allegations contained in Paragraph 12 of Lubrizol's Counterclaim.

23339940\V-1

13. Arrowood denies the allegations contained in Paragraph 13 of Lubrizol's Counterclaim.

14. Arrowood denies the allegations contained in Paragraph 14 of Lubrizol's Counterclaim.

15. Paragraph 15 of Lubrizol's Counterclaim states a legal conclusion to which no response is required. To the extent a response is deemed required, Arrowood denies the allegations contained in Paragraph 15.

16. Arrowood states that the terms and conditions of Policy No. LGC 35-04-60 speak for themselves and Arrowood denies the allegations of Paragraph 16 of Lubrizol's Counterclaim to the extent they are inconsistent therewith.

17. Arrowood states that the terms and conditions of Policy No. LGC 35-04-60 speak for themselves and Arrowood denies the allegations of Paragraph 17 of Lubrizol's Counterclaim to the extent they are inconsistent therewith.

18. Arrowood states that the terms and conditions of Policy No. LGC 35-04-60 speak for themselves and Arrowood denies the allegations of Paragraph 18 of Lubrizol's Counterclaim to the extent they are inconsistent therewith.

19. Arrowood admits only that upon information and belief certain of the EPA's positions related to Lubrizol and the Patrick Bayou Site are set forth in the General Notice Letter from the EPA to Lubrizol dated Oct. 10, 2002 and the AOC and states that the contents of these documents speak for themselves and Arrowood denies the allegations of Paragraph 19 of Lubrizol's Counterclaim to the extent they are inconsistent therewith. Arrowood denies the remaining allegations in Paragraph 19.

20. Arrowood states that the terms and conditions of Policy Nos. GLA 41-19-40 and GLA 61-95-56 speak for themselves and Arrowood denies the allegations of Paragraph 20 of Lubrizol's Counterclaim to the extent they are inconsistent therewith.

21. Arrowood states that the terms and conditions of Policy Nos. GLA 41-19-40 and GLA 61-95-56 speak for themselves and Arrowood denies the allegations of Paragraph 21 of Lubrizol's Counterclaim to the extent they are inconsistent therewith.

22. Arrowood states that the terms and conditions of Policy Nos. GLA 41-19-40 and GLA 61-95-56 speak for themselves and Arrowood denies the allegations of Paragraph 22 of Lubrizol's Counterclaim to the extent they are inconsistent therewith.

23. Arrowood admits only that upon information and belief certain of the EPA's positions related to Lubrizol and the Patrick Bayou Site are set forth in the General Notice Letter from the EPA to Lubrizol dated Oct. 10, 2002 and the AOC and states that the contents of these documents speak for themselves and Arrowood denies the allegations of Paragraph 23 of Lubrizol's Counterclaim to the extent they are inconsistent therewith. Arrowood denies the remaining allegations in Paragraph 23.

24. Paragraph 24 of Lubrizol's Counterclaim states a legal conclusion to which no response is required. To the extent that a response is deemed required, Arrowood denies the allegations contained in Paragraph 24.

25. Arrowood denies the allegations contained in Paragraph 25 of Lubrizol's Counterclaim.

26. Arrowood states that the terms and conditions of Policy Nos. GLA 44-12-85 and GLA 49-17-13 speak for themselves and Arrowood denies the allegations of Paragraph 26 of Lubrizol's Counterclaim to the extent they are inconsistent therewith.

2333994\V-1

27. Arrowood states that the terms and conditions of Policy Nos. GLA 44-12-85 and GLA 49-17-13 speak for themselves and Arrowood denies the allegations of Paragraph 27 of Lubrizol's Counterclaim to the extent they are inconsistent therewith.

28. Arrowood states that the terms, conditions, and exclusions of Policy Nos. GLA 44-12-85 and GLA 49-17-13 speak for themselves and Arrowood denies the allegations of Paragraph 28 of Lubrizol's Counterclaim to the extent they are inconsistent therewith.

29. Arrowood states that the terms and conditions of Policy Nos. GLA 44-12-85 and GLA 49-17-13 speak for themselves and Arrowood denies the allegations of Paragraph 29 of Lubrizol's Counterclaim to the extent they are inconsistent therewith.

30. Arrowood admits only that upon information and belief certain of the EPA's positions related to Lubrizol and the Patrick Bayou Site are set forth in the General Notice Letter from the EPA to Lubrizol dated Oct. 10, 2002 and the AOC and states that the contents of these documents speak for themselves and Arrowood denies the allegations of Paragraph 30 of Lubrizol's Counterclaim to the extent they are inconsistent therewith. Arrowood denies the remaining allegations in Paragraph 30.

## ANSWER TO COUNT I

31. Arrowood reasserts and incorporates by reference its answers to each of the allegations contained in Paragraphs 1 through 30 of Lubrizol's Counterclaim.

32. The allegations in Paragraph 32 of Lubrizol's Counterclaim constitute a legal conclusion to which no response is required. To the extent a response is required, Arrowood admits only that an actual controversy exists among the parties as described in Paragraph 32 and that Lubrizol seeks the relief described therein.

23339940\V-1

33. Arrowood denies that Lubrizol is entitled to the requested declarations or other relief and denies the allegations contained in Paragraph 33 of Lubrizol's Counterclaim.

## ANSWER TO COUNT II

34. Arrowood reasserts and incorporates by reference its answers to each of the allegations contained in Paragraphs 1 through 33 of Lubrizol's Counterclaim.

35. Arrowood denies the allegations contained in Paragraph 35 of Lubrizol's Counterclaim.

36. Arrowood denies the allegations contained in Paragraph 36 of Lubrizol's Counterclaim.

37. Arrowood denies that Lubrizol is entitled to the requested relief or other relief and denies the allegations contained in Paragraph 37 of Lubrizol's Counterclaim.

## AFFIRMATIVE DEFENSES

1. Arrowood incorporates by reference as if fully set forth herein the defenses set forth in Paragraph 34 of its First Amended Complaint for Declaratory Judgment.

2. Lubrizol's claims are barred by virtue of the settlement agreement Lubrizol and The Orion Capital Companies, predecessor to Arrowood, entered into on November 30, 1994 in *Lubrizol Corp. v. Central National Insurance Co.*, No. 93 CV 00210 (Ct. Comm. Pl. Ohio).

3. Lubrizol's claims are barred by the doctrine of accord and satisfaction.

4. Lubrizol's Counterclaim does not provide Arrowood with sufficient information that would permit Arrowood to ascertain all potentially applicable defenses thereto. Therefore, Arrowood reserves the right to assert additional defenses in the future, should additional information arise supporting any additional defenses.

WHEREFORE, Arrowood respectfully prays as follows:

(a) That this Court enter a declaratory judgment that, under the Arrowood Policies, Arrowood is under no obligation to provide a defense to and/or indemnify Lubrizol, or to pay any expenses incurred by it, in connection with the Underlying Claim; and

(b) That Arrowood be awarded such other and further relief that this Court deems just and proper.

Dated: October 6, 2011                    Respectfully submitted,


                                          By:   /s/ Deborah C. Druley

                                          Deborah C. Druley
                                          SNR Denton US LLP
                                          One Metropolitan Square
                                          Suite 3000
                                          St. Louis, Missouri 63102
                                          (314) 241-1800 - Telephone
                                          (314) 259-5959 - Facsimile
                                          deborah.druley@snrdenton.com

                                          M. Keith Moskowitz
                                          SNR Denton US LLP
                                          233 S. Wacker Drive
                                          Suite 7800
                                          Chicago, Illinois 60606
                                          (312) 876-8000 - Telephone
                                          (312) 876-7934 - Facsimile
                                          keith.moskowitz@snrdenton.com

                                          David Ross (#0005203)
                                          Reminger Co., L.P.A.
                                          1400 Midland Building
                                          101 Prospect Avenue, West
                                          Cleveland, Ohio 44115
                                          Phone: (216) 687-1311
                                          Fax:   (216) 687-1841
                                          E-Mail: dross@reminger.com

                                          *Attorneys for Plaintiff/Counter-Defendant*
                                          *Arrowood Indemnity Company*

## CERTIFICATE OF SERVICE

This is to certify that on October 6, 2011, the foregoing document was filed electronically. Parties may access this filing through the Court's system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

                                          /s/ Deborah C. Druley
                                One of the Attorneys for Arrowood Indemnity Co.