UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ARROWOOD INDEMNITY COMPANY, ) | Case No.: 1:10 CV 2871 |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| THE LUBRIZOL CORPORATION, *et al.*, ) | |
| ) | |
| Defendants ) | <u>ORDER</u> |

Currently pending in the above-captioned case is Plaintiff Arrowood Indemnity Company's ("Plaintiff" or "Arrowood") Motion to Dismiss Count III of Defendant The Lubrizol Corporation's ("Defendant" or "Lubrizol") Amended Counterclaim. (ECF No. 60)  For the following reasons, the court hereby denies Plaintiff's Motion.

## I. BACKGROUND

Lubrizol is a corporation incorporated under the laws of Ohio with its principal place of business at 29400 Lakeland Boulevard, Wickliffe, Ohio 44092. (Am. Compl. ¶ 8., ECF No. 26) Arrowood is a company incorporated in Delaware, with its principal place of business in Charlotte, North Carolina. (*Id.* at ¶ 7.)  It is the successor by merger to Security Insurance Company of Hartford and New Amsterdam Casualty Company (*Id.*)  Both of these companies issued several primary general liability insurance policies to Lubrizol. (*Id.* at ¶ 9.)

On September 5, 2002, acting pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), the U.S. Environmental Protection Agency ("EPA")

placed the Patrick Bayou Site on the National Priorities List, thus designating it, to use CERCLA's more common name, a Superfund site. (*Id.* at ¶ 23.) The Patrick Bayou Site is located near Houston, Texas, and includes, among other industrial plants, a facility in Deer Park, Texas, owned by Lubrizol. (General Notice Letter p. 2, ECF No.47-3.) On October 2, 2002, the EPA sent a letter to Lubrizol, identifying it as a potentially responsible party for the hazardous substances at the Site. (*Id.* at ¶ 24.) The letter stated that Lubrizol could be responsible for investigating and cleaning up the Site and for all costs incurred by the EPA in investigating and cleaning the Site. (*Id.*) As of February 1, 2011, Lubrizol had incurred approximately $2,920,331.01 in costs at the Site. (Am. Answer, ECF No. 54, at ¶ 19.) Lubrizol demanded that Arrowood defend and indemnify it with respect to this claim under several insurance policies. (Am. Compl. at ¶ 32.) On December 20, 2010, Arrowood brought this within lawsuit.

On October 3, 2011, Lubrizol filed an Amended Answer along with an Amended Counterclaim, alleging, *inter alia*, bad faith. (Am. Countercl. at ¶ 45.) Arrowood moved to dismiss Lubrizol's bad faith claim on August 24, 2012. (ECF No. 60.)

On March 29, 2013, this court granted summary judgment for Arrowood on the ground that a 1994 settlement agreement between Lubrizol and Arrowood's predecessor in interest released Arrowood from any obligation to cover the Patrick Bayou claim. (ECF No. 87.)

## II. STANDARD OF REVIEW

The court examines the legal sufficiency of the plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6). *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and recently in *Ashcroft v. Iqbal*,556 U.S.

662, 677-78 (2009), clarified the law regarding what a plaintiff must plead in order to survive a Rule 12(b)(6) motion.

When determining whether the plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.  Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.*  A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Iqbal*, 556 U.S. at 678, explained the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.*  This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

The Sixth Circuit has held that a court may consider allegations contained in the complaint, as well as exhibits attached to or otherwise incorporated in the complaint, all without converting a motion to dismiss to a motion for summary judgment. Fed. R. Civ. P. 10(c); *Weiner v. Klais & Co.*,

108 F.3d 86, 89 (6th Cir. 1997). Further, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.*

### III. LAW AND ANALYSIS

Arrowood argues that Lubrizol's bad faith Counterclaim fails to state a claim upon which relief can be granted. As Lubrizol notes, Ohio law provides for two types of bad faith claims an insured may bring against an insurer, the first for the denial of coverage and the second for the handling of a claim. *See Mid-American Fire & Cas. Co. v. Broughton*, 798 N.E.2d 1109, 1115 (7th Dist. Ohio Ct. App. 2003); *see also Werner v. Progressive Preferred Ins. Co.*, 301 Fed. App'x 766, 769 (6th Cir. 2009). A bad faith denial of coverage claim depends on the legal merits of the insurer's decision to deny coverage. *Mid-American Fire & Cas. Co.*, 798 N.E.2d at 1115. However, a bad faith claim-handling claim is not tied to the underlying merits of the decision to grant or deny coverage. *Bullet Trucking, Inc. v. Glen Falls Ins. Co.*, 616 N.E.2d 1123, 1126 (2d Dist. Ohio Ct. App. 1992). Lubrizol's Amended Counterclaim alleges facts that support both causes of action. (Am. Countercl. ¶¶ 33, 35, 45.)

Lubrizol's bad faith denial of coverage claim is foreclosed by this court's recent grant of summary judgment for Arrowood on the ground that Lubrizol released Arrowood from any obligation to cover the Patrick Bayou Claim. (*See* Order, ECF No. 87.) Because Arrowood's denial of coverage was legally justified, there are no set of facts upon which Lubrizol could show that Arrowood's denial of coverage constitute bad faith. However, the court's grant of summary judgment for Arrowood does not affect Lubrizol's bad faith claim-handling claim, which exists independently of Arrowood's decision to deny coverage. Accordingly, the court will focus its

analysis on whether Lubrizol's claim-handling claim can survive Arrowood's Motion to Dismiss.

Arrowood attaches documents In support of its Motion to Dismiss that it argues are relevant to the factual allegations that Lubrizol pleads in support of its Counterclaim. Lubrizol argues that this court should not examine those documents, and if it does, that this Motion should be converted to one for summary judgment. This court must analyze: (1) which documents, if any, it may examine without converting the Motion into one for summary judgment; and (2) whether Lubrizol has failed to state a claim upon which relief can be granted.

### A. Arrowood's Exhibits

In support of its argument that Lubrizol's bad faith claim-handling claim should be dismissed, Arrowood directs the court's attention to a number of letters sent between Arrowood and Lubrizol regarding the present claim. (ECF Nos. 61-2 through 61-7.) Arrowood argues that a court, under certain conditions, may examine documents attached to a motion to dismiss but not included in the complaint. Lubrizol argues that only two of the letters are referenced in the Amended Counterclaim and that rest of the letters constitute materials extrinsic to the pleadings that must be ignored.

The Sixth Circuit has consistently held that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Weiner*, 108 F.3d at 89. Therefore, this court may only examine the two letters referred to in the Second Counterclaim. The other letters are not relevant for purposes of this Motion.

**B. Lubrizol's Bad Faith Claim**

To succeed in a bad faith claim against an insurer for its handling of a claim, an insured must show that the insurer was not reasonably justified in its actions. *Zoppo v. Homestead Ins. Co.*, 644 N.E.2d 397, 400 (Ohio 1994). Specifically, the insured "must show that there was no reasonable justification for the manner of handling . . . the insured's claim." *B-T Dissolution, Inc. v. Provident Life and Accident Ins. Co.*, 123 Fed. App'x 159, 164 (6th Cir. 2004) (*citing Tokles & Son, Inc. v. Midwestern Indem. Co.*, 605 N.E.2d 936, 943 (Ohio 1992)). Upon review of the allegations of the Counterclaim, including the documents referenced therein, the court finds that Lubrizol has pled sufficient facts to plausibly suggest that there was no reasonable justification for Arrowood's delay in processing the Patrick Bayou claim.

In its Amended Counterclaim, Lubrizol alleges that it notified Arrowood of the Patrick Bayou claim on December 10, 2002, and that on January 15, 2003 Arrowood notified Lubrizol that it would investigate the claim under full reservation of rights. (Am. Countercl. ¶ 32.) Arrowood's evidence – the December 2002 and January 2003 letters – supports this allegation. (2002 Letter from Lubrizol to Arrowood, ECF No. 61-2; 2003 Letter from Arrowood to Lubrizol, ECF No. 61-4.) Lubrizol also alleges that Arrowood "ignored Lubrizol's request for a defense, violated its own claim review procedures, engaged in a pattern of intentional delay, [and] failed to properly investigate or make determination on Lubrizol's claim" until Arrowood filed suit against Lubrizol on December 20, 2010. (*Id.* at ¶¶ 33-34.) In light of the fact that Arrowood waited nearly eight years before denying the Patrick Bayou claim, Lubrizol's allegations of bad faith claim-handling are plausible. Arrowood's 2003 letter does not request any more information from Lubrizol; further, the letter quotes relevant portions of the insurance policy. (2003 Letter from Arrowood to Lubrizol,

ECF No. 61-4.) Under such circumstances, it would be reasonable to infer that Arrowood's eight year delay in processing Lubrizol's claim was substantially unjustified.

Lubrizol has thus stated a claim upon which relief may be granted. Arrowood's motion is therefor denied.

### IV. CONCLUSION

The court hereby denies Plaintiff's Motion to Dismiss Count III of Defendant's Amended Counterclaim. (ECF No. 60.)

IT IS SO ORDERED.

>/s/ *SOLOMON OLIVER, JR.*
> CHIEF JUDGE
> UNITED STATES DISTRICT COURT

March 30, 2013