IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ARROWOOD INDEMNITY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:10-CV-02871-SO |
| ) | |
| THE LUBRIZOL CORPORATION, ) | JUDGE OLIVER |
| ) | |
| Defendant. ) | |
| v. ) | |
| ) | |
| UNITED STATES FIRE INSURANCE ) | |
| COMPANY ) | |
| ) | |
| Third Party Defendant ) | |

**ARROWOOD INDEMNITY COMPANY'S FIRST AMENDED ANSWER
TO THE REMAINING PORTION OF COUNT III OF LUBRIZOL'S
COUNTERCLAIMS AND AFFIRMATIVE DEFENSES**

Plaintiff/Counter-Defendant, Arrowood Indemnity Company, the successor in interest to Security Insurance Company of Hartford ("Security") and Security's rights and interests in the New Amsterdam Casualty Company ("New Amsterdam") (collectively, "Arrowood"), by and through its undersigned attorneys, and for its Amended Answer to the portion of Count III of Lubrizol's First Amended Counterclaims ("Counterclaims") remaining after the Court's March 30, 2013 Order granting Arrowood's Motion for Summary Judgment, states as follows:

1. Paragraph 1 of Lubrizol's Counterclaim does not contain any allegations and therefore, no answer is required.

2. Arrowood admits the allegations contained in Paragraph 2 of Lubrizol's Counterclaims.

3. Arrowood admits the allegations contained in Paragraph 3 of Lubrizol's Counterclaims.

4.     Arrowood admits the allegations contained in Paragraph 4 of Lubrizol's Counterclaims.

5.     Arrowood admits that part of Patrick Bayou is adjacent to Lubrizol's Deer Park, Texas facility and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of Lubrizol's Counterclaims.

6.     Arrowood admits that Lubrizol received a General Notice Letter from the U.S. EPA. Arrowood states that the contents of this letter speak for themselves and Arrowood denies the allegations in Paragraph 6 of Lubrizol's Counterclaims to the extent they are inconsistent therewith.

7.     Arrowood admits that Lubrizol and the other PRPs received a Special Notice letter from the USEPA on or about July 7, 2004.  Arrowood states that the contents of this letter speak for themselves and Arrowood denies the allegations in Paragraph 7 of Lubrizol's Counterclaims to the extent they are inconsistent therewith. Arrowood further admits that Lubrizol and the other PRP's executed an AOC on or about January 2006.

8.     Arrowood lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Lubrizol's Counterclaims.

9.     Arrowood admits the allegations contained in Paragraph 9 of Lubrizol's Counterclaims.

10.     Arrowood denies the allegations contained in Paragraph 10 of Lubrizol's Counterclaims.

11.     Arrowood lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Lubrizol's Counterclaims.

12. Arrowood denies the allegations contained in Paragraph 12 of Lubrizol's Counterclaims.

13. Arrowood denies the allegations contained in Paragraph 13 of Lubrizol's Counterclaims.

14. Arrowood denies the allegations contained in Paragraph 14 of Lubrizol's Counterclaims.

15. Paragraph 15 of Lubrizol's Counterclaims states a legal conclusion to which no response is required. To the extent a response is deemed required, Arrowood denies the allegations contained in Paragraph 15.

16. Arrowood states that the terms and conditions of Policy No. LGC 35-04-60 speak for themselves and Arrowood denies the allegations of Paragraph 16 of Lubrizol's Counterclaims to the extent they are inconsistent therewith.

17. Arrowood states that the terms and conditions of Policy No. LGC 35-04-60 speak for themselves and Arrowood denies the allegations of Paragraph 17 of Lubrizol's Counterclaims to the extent they are inconsistent therewith.

18. Arrowood states that the terms and conditions of Policy No. LGC 35-04-60 speak for themselves and Arrowood denies the allegations of Paragraph 18 of Lubrizol's Counterclaims to the extent they are inconsistent therewith.

19. Arrowood admits only that upon information and belief certain of the EPA's positions related to Lubrizol and the Patrick Bayou Site are set forth in the General Notice Letter from the EPA to Lubrizol dated Oct. 10, 2002 and the AOC and states that the contents of these documents speak for themselves and Arrowood denies the allegations of Paragraph 19 of

Lubrizol's Counterclaims to the extent they are inconsistent therewith. Arrowood denies the remaining allegations in Paragraph 19.

20. Arrowood states that the terms and conditions of Policy Nos. GLA 41-19-40 and GLA 61-95-56 speak for themselves and Arrowood denies the allegations of Paragraph 20 of Lubrizol's Counterclaims to the extent they are inconsistent therewith.

21. Arrowood states that the terms and conditions of Policy Nos. GLA 41-19-40 and GLA 61-95-56 speak for themselves and Arrowood denies the allegations of Paragraph 21 of Lubrizol's Counterclaims to the extent they are inconsistent therewith.

22. Arrowood states that the terms and conditions of Policy Nos. GLA 41-19-40 and GLA 61-95-56 speak for themselves and Arrowood denies the allegations of Paragraph 22 of Lubrizol's Counterclaims to the extent they are inconsistent therewith.

23. Arrowood admits only that upon information and belief certain of the EPA's positions related to Lubrizol and the Patrick Bayou Site are set forth in the General Notice Letter from the EPA to Lubrizol dated Oct. 10, 2002 and the AOC and states that the contents of these documents speak for themselves and Arrowood denies the allegations of Paragraph 23 of Lubrizol's Counterclaims to the extent they are inconsistent therewith. Arrowood denies the remaining allegations in Paragraph 23.

24. Paragraph 24 of Lubrizol's Counterclaims states a legal conclusion to which no response is required. To the extent that a response is deemed required, Arrowood denies the allegations contained in Paragraph 24.

25. Arrowood denies the allegations contained in Paragraph 25 of Lubrizol's Counterclaims.

- 5 -

26. Arrowood states that the terms and conditions of Policy Nos. GLA 44-12-85 and GLA 49-17-13 speak for themselves and Arrowood denies the allegations of Paragraph 26 of Lubrizol's Counterclaims to the extent they are inconsistent therewith.

27. Arrowood states that the terms and conditions of Policy Nos. GLA 44-12-85 and GLA 49-17-13 speak for themselves and Arrowood denies the allegations of Paragraph 27 of Lubrizol's Counterclaims to the extent they are inconsistent therewith.

28. Arrowood states that the terms, conditions, and exclusions of Policy Nos. GLA 44-12-85 and GLA 49-17-13 speak for themselves and Arrowood denies the allegations of Paragraph 28 of Lubrizol's Counterclaims to the extent they are inconsistent therewith.

29. Arrowood states that the terms and conditions of Policy Nos. GLA 44-12-85 and GLA 49-17-13 speak for themselves and Arrowood denies the allegations of Paragraph 29 of Lubrizol's Counterclaims to the extent they are inconsistent therewith.

30. Arrowood admits only that upon information and belief certain of the EPA's positions related to Lubrizol and the Patrick Bayou Site are set forth in the General Notice Letter from the EPA to Lubrizol dated Oct. 10, 2002 and the AOC and states that the contents of these documents speak for themselves and Arrowood denies the allegations of Paragraph 30 of Lubrizol's Counterclaims to the extent they are inconsistent therewith. Arrowood denies the remaining allegations in Paragraph 30.

31. Arrowood reasserts and incorporates by reference its answers to each of the allegations contained in Paragraphs 1 through 30 of Lubrizol's Counterclaims.

32. Arrowood admits that Lubrizol sent it a letter dated December 10, 2002 and that Arrowood sent a letter to Lubrizol dated January 15, 2003 and such letters speaks for themselves and Arrowood denies the allegations of Paragraph 32 of Lubrizol's Counterclaims to the extent

they are inconsistent therewith. Further, Arrowood denies all remaining allegations contained in Paragraph 32 of Lubrizol's Counterclaims.

33. Arrowood denies the allegations contained in Paragraph 33 of Lubrizol's Counterclaims.

34. Arrowood admits that it filed the instant suit against Lubrizol on December 20, 2010 and denies all remaining allegations contained in Paragraph 34 of Lubrizol's Counterclaims.

35. Arrowood admits that amended its complaint in this suit on September 9, 2011 and that such amended complaint speaks for itself and Arrowood denies the allegations of Paragraph 35 of Lubrizol's Counterclaims to the extent they are inconsistent therewith. Further, Arrowood denies all remaining allegations contained in Paragraph 35 of Lubrizol's Counterclaims.

36. Arrowood reasserts and incorporates by reference its answers to each of the allegations contained in Paragraphs 1 through 35 of Lubrizol's Counterclaims.

37. The allegations in Paragraph 37 of Lubrizol's Counterclaims constitute a legal conclusion to which no response is required. To the extent a response is required, Arrowood admits only that an actual controversy exists among the parties as described in Paragraph 37 and that Lubrizol seeks the relief described therein.

38. Arrowood denies that Lubrizol is entitled to the requested declarations or other relief and denies the allegations contained in Paragraph 38 of Lubrizol's Counterclaims including all subparts.

39. Arrowood reasserts and incorporates by reference its answers to each of the allegations contained in Paragraphs 1 through 38 of Lubrizol's Counterclaims.

40. Arrowood denies the allegations contained in Paragraph 40 of Lubrizol's Counterclaims.

41. Arrowood denies the allegations contained in Paragraph 41 of Lubrizol's Counterclaims.

42. Arrowood denies that Lubrizol is entitled to the requested relief or other relief and denies the allegations contained in Paragraph 42 of Lubrizol's Counterclaims.

43. Arrowood reasserts and incorporates by reference its answers to each of the allegations contained in Paragraphs 1 through 42 of Lubrizol's Counterclaims.

44. Paragraph 44 of Lubrizol's Counterclaims states a legal conclusion to which no response is required. To the extent that a response is deemed required, Arrowood denies the allegations contained in Paragraph 44 of Lubrizol's Counterclaims.

45. Arrowood denies the allegations contained in Paragraph 45 of Lubrizol's Counterclaims, including all subparts.

46. Arrowood denies the allegations contained in Paragraph 46 of Lubrizol's Counterclaims.

47. Arrowood denies the allegations contained in Paragraph 47 of Lubrizol's Counterclaims.

48. Arrowood denies the allegations contained in Paragraph 48 of Lubrizol's Counterclaims.

- 8 -

## **AFFIRMATIVE DEFENSES**

1. Lubrizol's claims are barred by laches, waiver, estoppel, and unclean hands.

2. Lubrizol has failed to mitigate, minimize or avoid injury or damage.

3. Lubrizol's Counterclaims do not provide Arrowood with sufficient information that would permit Arrowood to ascertain all potentially applicable defenses thereto. Therefore, Arrowood reserves the right to assert additional defenses in the future, should additional information arise supporting any additional defenses.

WHEREFORE, Arrowood respectfully prays as follows:

(a) That this Court enter a declaratory judgment that, under the Arrowood Policies, Arrowood is under no obligation to provide a defense to and/or indemnify Lubrizol, or to pay any expenses incurred by it, in connection with the Underlying Claim; and

(b) That Arrowood be awarded such other and further relief that this Court deems just and proper.

Respectfully submitted,

By:   /s/ Deborah C. Druley

| | |
|---|---|
| Deborah C. Druley | M. Keith Moskowitz |
| Dentons US LLP | John Grossbart |
| One Metropolitan Square, Suite 3000 | Dentons US LLP |
| St. Louis, Missouri 63102 | 233 S. Wacker Drive, Suite 7800 |
| (314) 241-1800 – Telephone | Chicago, Illinois 60606 |
| (314) 259-5959 – Facsimile | (312) 876-8000 – Telephone |
| deborah.druley@dentons.com | (312) 876-7934 – Facsimile |
| | keith.moskowitz@dentons.com |
| | john.grossbart@dentons.com |

David Ross (#0005203)
Reminger Co., L.P.A.
1400 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio 44115
(216) 687-1311 – Telephone
(216) 687-1841 – Facsimile
dross@reminger.com     *Attorneys for Plaintiff/Counter-Defendant Arrowood Indemnity Company*

## CERTIFICATE OF SERVICE

This is to certify that on April 19, 2013, the foregoing document was filed electronically. Parties may access this filing through the Court's system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

          /s/ Deborah C. Druley
          One of the Attorneys for Arrowood Indemnity Co.

23366169\V-1