UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ARROWOOD INDEMNITY COMPANY, ) | Case No: 1:10 CV 2871 |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| THE LUBRIZOL CORPORATION, ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| Defendant ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES FIRE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Third-Party Defendant ) | ORDER |

Currently pending before the court is Defendant Lubrizol Corporation's ("Lubrizol" or "Defendant") Motion for Reconsideration (ECF No. 147). For the following reasons, Defendant's Motion is denied.

**I. BACKGROUND**

Arrowood brought the above-captioned case against Lubrizol seeking a declaratory judgment concerning its rights under liability insurance policies it issued to Lubrizol as well as under a settlement agreement between the parties that concerned Arrowood's obligations to provide coverage. (*See* Am. Compl., ECF No. 26-1.) Specifically, Arrowood claims that, pursuant to both the policies and the settlement agreement, it has no obligation to defend or indemnify Lubrizol with respect to certain pollution remediation costs incurred by Lubrizol arising from Lubrizol's involvement in a pending Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") action brought by the United States Environmental Protection Agency ("EPA").

Lubrizol counterclaimed, requesting a declaratory judgment that Arrowood is obligated to defend and indemnify Lubrizol. (Am. Coutercl., ECF No. 54.)

### A. The Patrick Bayou Superfund Action

On September 5, 2002, acting pursuant to CERCLA, the EPA placed the Patrick Bayou Site on the National Priorities List, thus designating it, to use CERCLA's more common name, a Superfund site. (*Id.*; *see also* Patrick Bayou EPA Listing, Def.'s Ex. D, ECF No. 23-5.) The Patrick Bayou Site is located near Houston, Texas, and includes, among other industrial plants, Lubrizol's Deer Park facility. (Site Map, ECF No. 47-5; General Notice Letter p. 2, ECF No.47-3.) The Site extends beyond the Lubrizol facility and encompasses various wetlands and bodies of water that receive discharges from the Lubrizol facility. (Id.)

On October 10, 2002, the EPA sent Lubrizol a General Notice Letter notifying Lubrizol of potential CERCLA liability related to the Patrick Bayou Site. (General Notice Letter p. 1.) The 2002 General Notice Letter stated that Lubrizol might be a "Potential Responsible Party" ("PRP") and therefore "may be required to perform investigation and cleanup actions . . ., and may also be responsible for all costs incurred by the EPA in investigating and cleaning up the site." On July 4, 2004, the EPA served Lubrizol and other PRPs with a Special Notice Letter ("2004 Letter"), demanding that Lubrizol and the other PRPs negotiate an Administrative Order on Consent ("AOC") to conduct and finance a Remedial Investigation/Feasibility Study ("RI/FS") for the Patrick Bayou site. (Special Notice Letter, ECF No. 47-4.) On January 31, 2006, Lubrizol and the other PRPs entered into an AOC with the EPA to conduct a RI/FS. (AOC, ECF No. 47-4.) In the AOC, Lubrizol admitted that it had discharged hazardous substances at the Site, (Id. at ¶ 12), and admitted that it was a "responsible party" for purposes of CERCLA liability. (Id. at ¶ 23.) Lubrizol estimates that it has incurred approximately $2.9 million in costs in connection with the Patrick Bayou Site.

## B. The 1994 Settlement Agreement

In 1994, Lubrizol and Arrowood's predecessor-in-interest entered into a settlement agreement to resolve a declaratory judgment action brought by Lubrizol regarding the extent of the insurer's duties under a number of policies. (Settlement Agreement, ECF No. 47-11.) The Settlement Agreement provided: . . . Lubrizol hereby irrevocably and unconditionally releases all claims that Lubrizol has or could have asserted against [Arrowood's predecessor-in-interest] under the Insurance Policies in connection with:

> (a) liability, expenses, and losses arising out of claims, proceedings and actions made, or which may in the future be made, asserted or filed against Lubrizol by the United States Environmental Protection Agency, other federal, state, local or other environmental agencies and private parties for environmental liabilities including bodily injury and property damage liabilities, arising out of Lubrizol's alleged acts or ommissions [sic] as a generator, disposer, owner/operator or transporter of alleged hazardous substances, including, without limitation, environmental claims as those more fully described in the lawsuit;
> (b) the cost of defending any and all claims of liability specified in the preceding clause; . . .

(*Id*. at ¶ 3.) The release only applied to claims arising from a list of "Subject Sites." (Id. at ¶ 4.) "Lubrizol's Deer Park Facility[,] Deer Park, TX" was listed as a Subject Site. (Id. at Ex. B.)

## C. Arguments Addressed in the Court's March 31, 2013 Summary Judgment Order (ECF No. 88)

On June 22, 2012, Lubrizol filed a Motion for Partial Summary Judgment (ECF No. 47) ("Original Motion"), moving this court to hold that "Arrowood has a duty to defend [Lubrizol] in the EPA CERCLA Action." (Mot. Partial Summ. J. at 2.) In its Original Motion, Lubrizol argued that the Settlement Agreement did not release Arrowood from covering Lubrizol's costs and defense in the Patrick Bayou Superfund action because "Patrick Bayou" was not listed as a Subject Site. Additionally, Lubrizol argued that two pieces of extrinsic evidence constituted "admissions" that the Settlement Agreement did not bar coverage. The first item was a 2004 letter from an Arrowood

employee to Arrowood's reinsurer stating that "this site 'Patrick Bayou' was not included in the settlement." (2004 Letter to Reinsurer, ECF No. 47-12.) The second item was a 2005 email between Arrowood employees that referred to the 2004 letter and requested a status update. (Bosse Email, ECF. 47-13.)

Arrowood filed a Cross-Motion for Partial Summary Judgment (ECF No. 51) on July 25, 2012. Arrowood argued that the terms of the Settlement Agreement clearly released Arrowood from covering the Patrick Bayou claim, and that the court should not resort to extrinsic evidence where the language of the agreement was clear. In their briefs, both parties also discussed the underlying insurance policy.

The court held in its Order addressing the Motion, that the language of the Settlement Agreement was clear and unambiguous, and therefore, it was not permissible to consider extrinsic evidence. (*Id.* at 9.) Based on the clear language of the Settlement Agreement, the court held that the "Settlement Agreement is not confined to contamination that occurs at a Subject Site; rather, the Settlement Agreement applies to contamination claims 'arising out of' Lubrizol's actions at the Subject Sites." (*Id.* at 8.) The court further held that it was "clear that there [was] a causal connection between Lubrizol's activities at its Deer Park facility and its potential liability for the Patrick Bayou Superfund site," and therefore, "Lubrizol's alleged CERCLA liability obviously 'arises out of' its activities at the Deer Park facility . . . [and] such a claim was contemplated by the Settlement Agreement." (*Id.*) Based on this reasoning, the court denied Lubrizol's Motion for Summary Judgement (ECF No. 47) and granted Arrowood's Cross-Motion for Summary Judgment (ECF No. 51).

Lubrizol filed the current Motion for Reconsideration on August 11, 2014.

## II. LEGAL STANDARD

The court notes that it has the authority to reconsider its Order. Motions to reconsider may be treated as motions to alter/amend judgment under 59(e) of the Federal Rules of Civil Procedure. *Huff v. Metro. Life Ins. Co.,* 675 F.2d 119, 122 (6th Cir. 1982). Rule 59(e) motions may be granted when: (1) the court made a clear error of law; (2) newly discovered evidence warrants reconsideration; (3) an intervening change in controlling law supports reconsideration; or (4) reconsideration is necessary to prevent manifest injustice. *See, e.g.*, *Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

Although it has authority to do so, a court will only reconsider its prior ruling in rare and unusual circumstances:

> Although 'motions to reconsider are not ill-founded step-children of the federal court's procedural arsenal,' they are 'extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged.' *In re August,* 1993 Regular Grand Jury, 854 F. Supp. 1403, 1406 (S.D. Ind. 1994). To be sure, 'a court can always take a second look at a prior decision; but 'it need not and should not do so in the vast majority of instances,' especially where such motions 'merely restyle or re-hash the initial issues.' *Id.* at 1407. It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.' *Id.* at 1408. Where, as is the case with much of the instant motion, 'defendant views the law in a light contrary to that of this Court,' its 'proper recourse' is not by way of a motion for reconsideration 'but appeal to the Sixth Circuit.' *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991).

*McConocha v. Blue Cross and Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996). Motions for reconsideration are "not designed to give an unhappy litigant an opportunity to relitigate matters already decided, nor is it a substitute for appeal." *Sherwood v. Royal Ins. Co. of Am.*, 290 F. Supp. 2d 856, 858 (N.D. Ohio 2003).

## III. LAW AND ANALYSIS

Lubrizol argues that the court should reconsider and revise its March 31, 2013 Order ("Order") because: (1) newly discovered evidence creates a genuine issue of fact "as to whether [Arrowood] should be barred from relying on the 1994 Settlement as a defense under the Ohio doctrines of waiver, estoppel, laches and unclean hands"; and (2) "evidence discovered after the [c]ourt's Order provides the meaning to the undefined term 'Lubrizol's Deer Park Facility' in the 1994 Settlement." (Def.'s Mot. Recons. at viii.)  The court does not find Lubrizol's arguments to be well-taken.

Lubrizol now seeks to offer new evidence showing that "between 2003 and 2011, at least seven Arrowood claims handlers, supervisors, and lawyers identified, analyzed, and rejected [the 1994 Settlement Agreement as a defense], or knowingly chose not to assert it." (*Id.* at 1.)  Arrowood contests Lubrizol's assertion that the evidence in support of Lubrizol's Motion is new.  The court finds, however, that determination of this issue not to be dispositive.  As mentioned above, "it is not the function of a motion to reconsider either to . . . proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue." *McConocha*, 930 F. Supp. at 1184 (internal quotation marks and internal citations omitted).  Here, Lubrizol never raised the Ohio doctrines of waiver, estoppel, laches or unclean hands in their June 22, 2012 Motion for Summary Judgment.  The court finds that Lubrizol had sufficient evidence to have raised these arguments in its Original Motion.  For example, in its Original Motion, Lubrizol cited the fact that "[i]n 2007, Arrowood paid the Cox Road claims even though the waste from Lubrizol's Deer Park facility had been disposed of at the site." (Mot. Partial Summ. J. at 9 ¶ Z.)  In that same Motion, Lubrizol also

- 6 -

stated that "[i]n 2008, Arrowood paid the Malone claim even though waste from Lubrizol's Deer Park facility had been disposed of at the site." (*Id.* at 10 ¶ BB.) Both of these facts, would support the same defenses that Lubrizol now seeks to raise. Therefore, to grant a motion to reconsider on such arguments would be inappropriate.

Regarding Lubrizol's second argument that the court should consider this newly offered evidence to redefine the term "Lubrizol's Deer Park Facility," the court finds Lubrizol's argument to not be well-taken. As accurately pointed out in Arrowood's Response, this Court has already held that "the language of the Settlement Agreement is clear and unambiguous." (*Id.* at 9.) Under Ohio law, the court may not look beyond the four corners of the agreement when the language is clear and unambiguous. *Westfield Ins. Co. v. Galatis*, 797 N.E.2d 1256, 1261 (Ohio 2003). Therefore, any new extrinsic evidence regarding the Settlement Agreement may not be looked at by this court, and thus, cannot support a valid motion to reconsider. If Lubrizol disagrees with this court's ruling on the Settlement Agreement being clear and unambiguous, its " 'proper recourse' is not by way of a motion for reconsideration 'but appeal to the Sixth Circuit.' " *McConocha*, 930 F. Supp. at 1184 (quoting *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991)).

Lastly, the court does not find that enforcing the unambiguous terms of the Settlement Agreement will result in a manifest injustice here.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Reconsideration (ECF No. 147) is denied.

IT IS SO ORDERED.

              /s/ *SOLOMON OLIVER, JR.*
              CHIEF JUDGE
              UNITED STATES DISTRICT COURT

March 31, 2015